FILED
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

2002 SEP 26  A 10: 09

JEFFREY DOW                         :
                                    :
                                    :
   v.                               :  Civil Action No. CCB-01-2303
                                    :
                                    :
JAMES BENNY JONES, et al.           :
                                    :
                                    :

## MEMORANDUM

This case arises from the legal representation of Jeffrey
Dow ("plaintiff") by attorneys James Benny Jones, then a partner
of Seals Jones Wilson Garrow & Evans, LLP ("firm"), and Edwin H.
Harvey (collectively, "defendants"). (First Am. Compl. at ¶¶ 11,
15; Def. Jones' Supplemental Mot. and Defs.' Mot. to Dismiss at
2). On or about October 3, 1996, plaintiff, then a radio disc
jockey and mayoral candidate, was charged with perverted sexual
practice, sex offenses in the second and third degrees, and
assault in the second degree. (First Am. Compl. at ¶¶ 8-9).
While plaintiff was initially represented by the Office of the
Public Defender for Wicomico County, he retained Jones and the
firm in November 1996 to represent him in the criminal case.
(Id. at ¶¶ 11-13; Mot. to Dismiss at ¶ 4). In early 1997,
plaintiff retained Harvey to serve as co-counsel to Jones in the
criminal case. (First Am. Compl. at ¶ 15; Def. Jones'
Supplemental Mot. and Defs.' Mot. to Dismiss at 2).

On or about July 31, 1997, a jury in the Circuit Court for

Wicomico County found the plaintiff guilty of perverted sexual practice and sex offenses in the second and third degrees. (First Am. Compl. at ¶ 18). Plaintiff was then sentenced to fifteen years in prison, all but seven years suspended, and thirty-six months supervised probation. (Id. at ¶ 19).

In March 1999, plaintiff filed in his criminal case a petition for post-conviction relief, alleging ineffective assistance of counsel. (Id. at ¶ 21). An evidentiary hearing was held on August 23, 1999, and on March 6, 2000, the Circuit Court for Wicomico County issued an order vacating plaintiff's prior convictions and granting him a new trial. (Id. at ¶ 22). On November 16, 2001, the Circuit Court for Wicomico County entered a *nolle prosequi* as to the criminal charges against plaintiff. (Id.).

Plaintiff sued defendants alleging three counts of legal malpractice and one count of actual malice. (Id. at ¶¶ 23-72). On August 3, 2001, the case was removed to this court from the Circuit Court for Wicomico County. Now pending before the court are two motions: (1) plaintiff's motion for entry of default against Jones; and (2) defendants' motion to dismiss, or in the alternative, transfer the case to the United States District Court for the District of Columbia.[1]

---

[1] Jones filed a motion to dismiss on July 12, 2002. Then, on July 26, 2002, the defendants jointly filed "Defendant Jones' Supplemental Motion, and Defendants Seals Jones Wilson Garrow &

2

## I. Plaintiff's Request for Entry of Default Against Jones

On July 15, 2002, plaintiff moved for entry of default
against Jones pursuant to Rule 55(a) of the Federal Rules of
Civil Procedure. (Pl.'s Req. for Entry of Default). Plaintiff
asserted that Jones was properly served with the summons and
complaint on June 19, 2002 and that he failed to answer or
otherwise defend within twenty days, or by July 9, 2002, as
required by Rule 12(a)(1)(A) of the Federal Rules of Civil
Procedure. (Id.).

The clerk of court did not enter an order of default against
Jones because information contained in the plaintiff's request
and accompanying affidavit was incorrect. Specifically,
plaintiff's documents state that, "As of the date of the filing
of this Request for Entry of Default, no answer or Motion to
Dismiss or for Summary Judgment, nor any other pleading, has been
filed by Defendant James Benny Jones." (Id.). In reality, Jones
had filed a motion to dismiss on July 12, 2002, three days before
plaintiff filed the request for entry of default. Appreciating
this error, the court sent a letter to plaintiff's counsel on

_____

Evans, and Edwin Harvey's Motion to Dismiss, or in the
Alternative, To Transfer the Case to the U.S. District Court In
[sic] the District of Columbia." By the July 26, 2002 motion,
the defendants joined Jones in his motion to dismiss (with the
exception of one point) and elaborated on Jones' argument that
the United States District Court for the District of Maryland is
an inconvenient forum. Accordingly, the court will treat these
motions as one.

July 16, 2002 informing him that Jones' motion to dismiss predated plaintiff's request for entry of default. Plaintiff has not responded to this letter or reiterated his request for entry of default. Rather, plaintiff submitted a response to defendants' motion to dismiss on July 29, 2002.

While a default pursuant to Rule 55(a) may be entered against any party who fails to respond as stipulated by the Federal Rules of Civil Procedure, "[o]f course, the court has discretion to grant additional time to a party to plead or otherwise defend." 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1995). In First Am. Bank, N.A. v. United Equity Corp., 89 F.R.D. 81, 86-87 (D.D.C. 1981), the court refused an entry of default, notwithstanding the fact that defendant's motion to dismiss was untimely by nearly a month, because "the plaintiff has not alleged that it was substantially prejudiced by the delay in the filing." See also Mason & Hanger-Silas Mason Co., Inc., v. Metal Trades Council of Amarillo, Texas and Vicinity, AFL-CIO, 726 F.2d 166, 168 (5th Cir. 1984); Martin v. Delaware Law Sch. of Widener Univ., 625 F.Supp. 1288, 1296 n.3 (D. Del. 1985), aff'd, 884 F.2d 1384 (3d Cir. 1989). In addition, the First American Bank court emphasized that its refusal was consistent with "the judicial preference for a decision on the merits." 89 F.R.D. at 86-87. See also U.S. v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir.

4

1993) (stating the "strong policy" of the Fourth Circuit "that cases be decided on their merits").

In the instant case, Jones' motion to dismiss was untimely by only three days. Further, that plaintiff suffered no substantial prejudice by this brief delay is evidenced by his decision to respond to defendants' motion to dismiss rather than reiterate his request for entry of default. Mindful of the Fourth Circuit's strong preference that cases be decided on their merits, this court will exercise its discretion and deny plaintiff's request for an entry of default.

II. Defendants' Motion to Dismiss, or in the Alternative, to Transfer the Case to the United States District Court for the District of Columbia

Defendant Jones moved to dismiss plaintiff's complaint on seven grounds, and the other defendants, Harvey and the firm, joined Jones' motion on six of the grounds. (Mot. to Dismiss; Def. Jones' Supplemental Mot. and Defs.' Mot. to Dismiss).

A. Failure to state a claim

Defendants contend that plaintiff's complaint fails to state a claim upon which relief can be granted, warranting dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. to Dismiss at 1). Plaintiff's amended complaint alleges three counts of legal malpractice and one count of "actual malice," which is a claim for punitive damages based on

intentional misrepresentation. (First Am. Compl.).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). When ruling on a 12(b)(6) motion, the court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's factual allegations, as well as all reasonable inferences therefrom, as true. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin, 980 F.2d at 952; Westray v. Porthole, Inc., 586 F. Supp. 834, 836 (D. Md. 1984). Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994); Labram v. Havel, 43 F.3d 918, 921 (4th Cir. 1995) (affirming Rule 12(b)(6) dismissal with prejudice because plaintiff's alleged facts failed to support her conclusion that the defendant owed her a fiduciary duty at common law); Faulkner

6

Adver., Inc. v. Nissan Motor Corp., 945 F.2d 694, 695 (4th Cir. 1991) ("self-serving, inaccurate legal conclusions cannot rescue a factually deficient complaint").

## 1. Legal malpractice

The Court of Appeals of Maryland has long stated that in order to maintain a cause of action for legal malpractice, "a plaintiff must allege: 1) the attorney's employment; 2) his neglect of a reasonable duty; and 3) loss to the client proximately caused by that neglect of duty." Roginsky v. Blake, 131 F.Supp.2d. 715, 719-20 (D. Md. 2000), aff'd, 238 F.3d 414 (4th Cir. 2000) (citing Noble v. Bruce, 709 A.2d 1264, 1269 (Md. 1998); Flaherty v. Weinberg, 492 A.2d 618, 624 (Md. 1985); Kendall v. Rogers, 31 A.2d 312 (Md. 1943)). The Court of Special Appeals of Maryland, however, recently held that plaintiffs claiming "criminal malpractice," or "legal malpractice arising from a criminal prosecution," must additionally prove: "4) the criminal plaintiff's initiation of post conviction, appellate, or habeas relief premised on the lawyer's error; 5) and, ultimately, the criminal plaintiff's successful pursuit of post conviction, appellate, or habeas relief based on attorney error." Berringer v. Steele, 758 A.2d 574, 591, 604 (Md. App. 2000).

Plaintiff's amended complaint alleges facts pertaining to each element. First, the complaint states that plaintiff

retained attorneys Jones and Harvey, and the firm, to represent him in the criminal case. (First Am. Compl. at ¶¶ 11-13, 15). Second, the complaint alleges that the defendants neglected their reasonable duties by, inter alia, failing to investigate the case, neglecting to move for a change of venue, and refusing to object to damaging hearsay evidence. (First Am. Compl. at ¶¶ 24-27; 34-38; 44-64). Third, plaintiff claims that he suffered losses proximately caused by the defendants' neglect of their duties, including imprisonment for nearly three years. (First Am. Compl. at ¶¶ 28-32, 39-42, 65-69). Fourth, the complaint states that plaintiff initiated post-conviction relief premised on the ineffective assistance of counsel. (First Am. Compl. at ¶¶ 21-22). And fifth, according to the complaint, plaintiff successfully obtained vacation of his judgment of conviction through the post-conviction petition. (First Am. Compl. at ¶ 21).

Because the plaintiff's complaint states a cause of action for legal malpractice, this court will deny defendants' motion to dismiss the first three counts of the complaint on this basis.

## 2.  Actual malice

In Scott v. Jenkins, 690 A.2d 1000, 1003-04 (Md. 1997), the Court of Appeals of Maryland emphasized that in order to recover punitive damages in any tort action, "facts sufficient to show

8

actual malice must be pleaded and proven by clear and convincing
evidence" (emphasis in original). Actual malice, according to
the court, means "'evil motive, intent to injure, ill will, or
fraud.'" Id. at 1005 (quoting Owens-Illinois v. Zenobia, 601
A.2d 633, 652 (Md. 1992)). The court also explained that
plaintiffs must plead actual malice with "a high degree of
specificity." Id. at 1007. Conclusory allegations of actual
malice are insufficient; rather, the court ruled that a plaintiff
must "'allege in detail in his complaint the facts that indicate
the entertainment by the defendant of [an evil motive or
intent].'" Id. at 1006 (quoting JOHN A. LYNCH, JR. & RICHARD W.
BOURNE, MODERN MARYLAND CIVIL PROCEDURE § 6.5(b)(2) (1993)) (emphasis
in original).

     The fourth count of plaintiff's complaint states, without
more, that the defendants "made intentional misrepresentations to
Plaintiff regarding [their] experience and expertise" and that
such "intentional misrepresentations and incompetence...
constituted actual malice sufficient to justify an award of
punitive damages." (First Am. Compl. at ¶¶ 71-72).[2]  This is not
sufficient to plead the actual malice count with the level of

_____

     [2] Even in his Response in Opposition to Defendants' Joint
Motion to Dismiss, plaintiff did not attempt to specify any
alleged facts that would show ill will or fraud on the part of
the defendants. Rather, plaintiff copied into a footnote,
verbatim, the two aforementioned paragraphs from the complaint
comprising the actual malice count.

specificity and factual detail required by the Court of Appeals
of Maryland.  See also, Adams v. NVR Homes, Inc., 193 F.R.D. 243,
249-50 (D. Md. 2000) (stating that all complaints averring fraud
"must make particular allegations of the time, place, speaker,
and contents of the allegedly false acts or statements" in order
to survive a motion to dismiss pursuant to Rules 9(b) and
12(b)(6) of the Federal Rules of Civil Procedure).

Accordingly, the defendants' motion to dismiss the
plaintiff's "actual malice" count for failure to state a claim
will be granted.

## B.    Insufficiency of service of process

Defendant Jones also moves this court to dismiss the case,
or in the alternative, quash the service of process, on the
grounds that the affidavit of service misidentifies Jones.[3]
Specifically, Jones maintains that the affidavit of service does
not accurately describe his height or weight, nor does it refer
to his Native American ethnicity or his "conspicuous two foot
pony tail." (Mot. to Dismiss, Aff., at ¶ 11).  Jones, however,
never denies being served.  (Mot. to Dismiss at ¶ 2; Pl.'s Resp.
in Opp. to Defs.' Joint Mot. to Dismiss at 4).  To the contrary,
the affidavit of service states that the process server

_____

[3] Defendants Harvey and the firm do not join Jones in this
argument.  (Def. Jones' Supplemental Mot. and Defs.' Mot. to
Dismiss at 1-2).

10

personally delivered the summons, complaint and other pleadings to Jones on June 19, 2002, in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Letter from Andrew C. Meehan to Court of 6/19/02, Aff. of Service); see also FED. R. CIV. P. 4.

In Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4ʰ Cir. 1984), the Fourth Circuit held that "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." See also, Maryland Nat'l Bank v. M/V Tanicorp I, 796 F.Supp. 188, 190 (D. Md. 1992).

Here, defendant offered no evidence that any rule was violated. Even if the affidavit of service misidentifies Jones in some respect, Jones had actual notice of this action and thus any such oversight in the affidavit does not invalidate the service of process. Accordingly, defendant Jones' motion to dismiss the case, or in the alternative, quash the service of process will be denied.

## C. Improperly named defendants

Defendants further move this court for dismissal as against Jones (and presumably Harvey) individually because, they claim, the action should be against the law firm only. (Mot. to Dismiss

11

at ¶ 4). Defendants, however, do not identify any facts or law to explain why the individual defendants should be shielded from malpractice liability. As stated, supra, section II(A)(1), plaintiff alleged sufficient facts in the complaint to state a cause of action for legal malpractice as against all defendants. Therefore, this court will deny defendants' motion to dismiss the action on this basis.

## D.   Lack of jurisdiction over the subject matter

Defendants also contend that the action should be dismissed "because the amount actually in controversy is less than fifty thousand dollars," depriving this court of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (Mot. to Dismiss at ¶ 5).[4]

It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount.  Williams v. Potomac Elec. Power Co., 115 F.Supp.2d 561, 565-66 (D. Md. 2000).  Here, plaintiff seeks $20,000,000 in compensatory damages (First. Am. Compl. at ¶¶ 32, 42, 69), which may be excessive, but the injuries alleged include almost three years of wrongful incarceration.  Considering attorney fees, lost

---

[4] The jurisdictional amount was raised to $75,000 by the Federal Courts Improvement Act of 1996.

12

wages, and emotional anguish, there is no bad faith or legal impossibility in a claim for greater than $75,000. Hence this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and the defendants' motion to dismiss the case for want of subject matter jurisdiction will be denied.

## E. Failure to join a party under Rule 19

Next, defendants state that this action should be dismissed pursuant to Rules 12(b)(7) and 19(a) of the Federal Rules of Civil Procedure because plaintiff did not join the following offices and individuals as parties: (a) the Office of the Public Defender for Wicomico County; (b) the State's Attorney Office for Wicomico County; and (c) the complaining witnesses in the criminal case. (Mot. to Dismiss at ¶ 6).

As this court recently stated, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Nat'l Mortgage Warehouse, LLC v. Trikeriotis, 201 F.Supp.2d 499, 505-06 (D. Md. 2002) (quoting Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999) (internal citations omitted). In addition, as explained in Heinrich v. Goodyear Tire & Rubber Co., 532 F.Supp. 1348, 1359 (D. Md. 1982), the "'complete' relief concept of Rule 19(a)(1) 'refers to relief as between the persons already

13

parties, not as between a party and the absent person whose joinder is sought.'" (quoting 3A MOORE'S FEDERAL PRACTICE P 19.07-1(1) at 9-128 (2d ed. 1979)).

In this case, the defendants have not stated why complete relief presently cannot be afforded as among the existing parties to this lawsuit. See FED. R. CIV. P. 19(a). Nor have the defendants explained how the absence of the additional parties would impede their ability to protect their interests or subject them to double, multiple or inconsistent obligations. Id.

Because joinder of the above mentioned parties is not necessary to resolve this dispute arising out of the attorney-client relationship, the defendants' motion to dismiss the case on this basis will be denied.

## F.   Stay pending arbitration

Defendants state that this action "should be stayed pending the outcome of arbitration agreed upon by the parties." (Mot. to Dismiss at ¶ 7). Yet, they produced no evidence of any such agreement. Accordingly, the defendants' motion to stay the suit pending arbitration will be denied.

## G.   *Forum non conveniens*; 28 U.S.C. § 1404(a)

Finally, defendants move this court to dismiss the case on the basis of *forum non conveniens* and 28 U.S.C. § 1404(a), or

14

alternatively, to transfer the case to the United States District Court for the District of Columbia. (Mot. to Dismiss at ¶ 3; Def. Jones' Supplemental Mot. and Defs.' Mot. to Dismiss).

Defendant Jones, in his motion to dismiss, moves for dismissal on the basis of the common law doctrine, *forum non conveniens*. (Mot. to Dismiss at ¶ 3). This doctrine, however, has been superseded by statute, 28 U.S.C. § 1404(a), and consequently, *forum non conveniens* "has continuing application only in cases where the alternative forum is abroad." American Dredging Co. v. Miller, 510 U.S. 443, 449 n. 2 (1994). Accordingly, defendants' motion will be analyzed under 28 U.S.C. § 1404(a), as cited by the defendants in their joint motion and memorandum. (Def. Jones' Supplemental Mot. and Defs.' Mot. to Dismiss at 3).

The standards for transfer are: (1) the transferee court must be a court in which the action could have been brought initially;[5] (2) the transfer must be convenient to the parties and witnesses; and (3) the transfer must be in the interest of justice. 28 U.S.C.A. § 1404(a) (2002); see also Lanier Bus. Prod. v. Graymar Co., 355 F.Supp. 524, 527-28 (D. Md. 1973).

_____

[5] Neither plaintiff nor defendants discussed in their memoranda whether this case could have been brought initially in the United States District Court for the District of Columbia. The court will not address this first statutory element, as it finds the analysis of the other two elements dispositive of the motion.

Further, "unless the balance is strongly in favor of the
defendant, the plaintiff's choice of forum should rarely be
disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508
(1947).[6] The burden is on the movant to show that "the balance
of convenience and the interest of justice [is] strongly in favor
of the moving party." Lanier Bus. Prod., 355 F.Supp. at 527. In
order to carry this burden, the movant should submit, for
example, affidavits from witnesses and parties explaining the
hardships they would suffer if the case were heard in the
plaintiff's chosen forum. Helsel v. Tishman Realty & Constr.
Co., 198 F.Supp.2d 710, 712 (D. Md. 2002). Mere assertions of
inconvenience or hardship are inadequate support for a motion to
dismiss or transfer pursuant to 28 U.S.C. § 1404(a). Id.

In this case, defendants argue that dismissal or a change of
venue is appropriate because defendants and their witnesses are
located in the District of Columbia, and because many of the
events that are the subject of this litigation occurred in
Washington, D.C. Upon closer examination, however, defendants
merely maintain that they are "contemplating selecting expert
witnesses in this case" (Def. Jones' Supplemental Mot. and Defs.'
Mot. to Dismiss at 5) and that such "likely expert witnesses"

---

[6] Plaintiff remarks in his memorandum that "although this
action was initiated in the Circuit Court for Wicomico County,
Plaintiff's current strong preference and choice of forum is the
U.S. District Court for the District of Maryland." (Pl.'s Resp.
in Opp. to Defs.' Joint Mot. to Dismiss at 5).

16

(Mot. to Dismiss at ¶ 3) or "potential witnesses" (Def. Jones'
Supplemental Mot. and Defs.' Mot. to Dismiss at 5) may "likely...
be from the District of Columbia." (Id.). Contrarily, plaintiff
specifically identified five non-party witnesses who all reside
in the District of Maryland. (Pl.'s Resp. in Opp. to Defs.'
Joint Mot. to Dismiss at 6). Defendants, notably, did not submit
any affidavits from parties or witnesses stating that they would
suffer hardship or inconvenience by having to travel from
Washington, D.C. to Baltimore.

In addition, defendants contend that the District of
Columbia has a greater connection to the present litigation
because the plaintiff retained the defendants in the District of
Columbia, and the defendants prepared for plaintiff's criminal
trial in Washington, D.C. Plaintiff notes, however, that the
actual criminal trial occurred in Wicomico County, Maryland, and
any injuries suffered by the plaintiff as a result of the alleged
malpractice were sustained in Maryland.

Under these circumstances, the defendants have not carried
their burden to show that the interests of convenience and
justice strongly militate a change of venue. The court,
therefore, will deny defendants' motion to dismiss or transfer
the case.

17

A separate Order follows.

Sept. 26, 2002
Date

Catherine C. Blake
United States District Judge