IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Baltimore Division

| | | |
|---|---|---|
| JEFFREY DOW, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. CCB-01-2303 |
| | * | |
| JAMES BENNY JONES, <u>et al.</u>, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED HEREIN BY DEFENDANT SEALS JONES WILSON GARROW & EVANS, L.L.P. AND MEMORANDUM OF LAW IN SUPPORT THEREOF**</u>

NOW COMES the Plaintiff, Jeffrey Dow ("Plaintiff"), by and through his attorneys, Andrew C. Meehan, and Wright & Meehan, and pursuant to Federal Rule of Civil Procedure 56 (hereinafter "Rule 56"), and Local Rule 105, hereby responds in opposition to the Motion for Summary Judgment filed herein by Defendant Seals Jones Wilson Garrow & Evans, L.L.P. (the "Defendant Law Firm" or the "Defendant LLP"), and states as follows:

1.      There are genuine disputes of material facts which are the subject of the  Motion for Summary Judgment, the Defendant Law Firm is not entitled to judgment as a matter of law, and its Motion for Summary Judgment should be denied.

2.      The Defendant Law Firm is a proper party to this action.

3.      In support of this Response In Opposition to the Motion for Summary Judgment, Plaintiff relies upon the Memorandum of Law set forth below and exhibits filed herewith.

WHEREFORE, Plaintiff Jeffrey Dow, through his undersigned counsel, respectfully prays that this Court deny the aforesaid Motion for Summary Judgment.

Respectfully submitted,

/s/_____
Andrew C. Meehan
Federal Bar No. 26615
Wright & Meehan
100 Church Alley
Chestertown, Maryland  21620
Telephone:  (410) 778-0266
Facsimile:   (410) 778-2918
COUNSEL FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Baltimore Division

| | | |
|---|---|---|
| JEFFREY DOW, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. CCB-01-2303 |
| | * | |
| JAMES BENNY JONES, <u>et al.</u>, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT FILED HEREIN BY DEFENDANT SEALS JONES WILSON GARROW & EVANS, L.L.P.**</u>

NOW COMES the Plaintiff, Jeffrey Dow ("Plaintiff"), by and through his attorneys, Andrew C. Meehan, and Wright & Meehan, and pursuant to Federal Rule of Civil Procedure 56 (hereinafter "Rule 56"), and Local Rule 105, and in support of his Response in Opposition to the Motion for Summary Judgment filed herein by the by Defendant Seals Jones Wilson Garrow & Evans, L.L.P. (the "Defendant Law Firm" or the "Defendant LLP"),, files this Memorandum of Law.

The Motion for Summary Judgment should be denied.

<u>**STATEMENT OF THE CASE**</u>

By complaint filed July 28, 2000, in the Circuit Court for Wicomico County, Maryland (the "Circuit Court"), the Plaintiff commenced this action against certain attorneys, and the Defendant Law Firm  Following the ruling in favor of Messrs. Garrow and Evans on a motion for summary judgment by the Circuit Court, removal to the United States District Court for

Maryland, and the filing of the pending Amended Complaint herein by Plaintiff, the defendants who remain consist of James Benny Jones, Edwin Harvey, and the Defendant Law Firm. Plaintiff's claims have withstood a prior motion for summary judgment filed by the Defendant Law Firm that was denied by the Circuit Court, and a motion to dismiss filed jointly by the Defendants herein that was denied (except for a punitive damages claim) by this Court.

The Amended Complaint currently stands at three counts asserting claims for legal malpractice – failure to investigate (Count I), legal malpractice – failure to move for change of venue (Count II), and legal malpractice – failure to effectively and competently conduct trial (Count III).

## STATEMENT OF FACTS

On or about October 3, 1996, Plaintiff was charged in the District Court of Maryland for Wicomico County with certain criminal offenses arising from an alleged sexual assault (Amended Complaint, ¶ 8). On or about November 15, 1996, Plaintiff and his wife, Leslie, met with attorney James Jones ("Jones") and Robert Wilson ("Wilson") in Washington, D.C. at the law offices Defendant Law Firm, to discuss the firm's representation of Plaintiff in his criminal case (Amended Complaint, ¶ 11; see also, Affidavit of Plaintiff attached hereto and incorporated herein as Exhibit A). Both Jones and Wilson, William Seals ("Seals"), and Defendants George Garrow ("Garrow") and Ferguson Evans ("Evans"), were members of the firm, a limited liability partnership formed and existing under the laws of the District of Columbia (See copies of the firm's Application of Limited Liability Partnership and its Certificate of Limited Liability Partnership attached hereto, respectively, as Exhibits B and C). At that meeting, Jones agreed on behalf of himself and Defendant Law Firm to represent Plaintiff, and set a flat fee of $12,500.00, with a retainer of $1,000.00 to enter his appearance (Amended Complaint, ¶ 11).

At all times relevant to this proceeding, the aforementioned individual attorneys held themselves out to the public generally, and to Plaintiff specifically, as partners operating as a law firm under the name of Seals Jones Wilson Garrow & Evans, L.L.P., and said individuals are hereby being sued as partners thereof. (Amended Complaint, ¶ 4)  Jones is also being sued individually for reasons independent of his relationship with the Defendant Law Firm  Id. Defendant Law Firm, at all times relevant to this proceeding, was a limited liability partnership which held itself out to the public generally, and to Plaintiff specifically, as operating as a law firm in the District of Columbia and maintained offices for the purpose of practicing law at 1010 Massachusetts Avenue, N.W., Suite 300, Washington, D.C.  20001.  (Amended Complaint, ¶ 4).

On or about January 15, 1997, Plaintiff paid to Jones the retainer of $1,000.00 and the parties executed a retainer agreement bearing the letterhead of the Defendant Law Firm (Amended Complaint, ¶ 12; see also copy of retainer agreement attached hereto as Exhibit D). At all times relevant to this proceeding, Jones represented to Plaintiff, and Plaintiff believed, that Plaintiff had retained the legal services of both Jones individually and of the Defendant Law Firm by and through Jones, its principal, for purposes of defending Plaintiff in his criminal case, and at no time was he advised otherwise (Amended Complaint, ¶ 13; see also, Affidavit of Plaintiff).  Additionally, at no time relevant to this proceeding was Plaintiff aware or notified that at any time a Certificate of Cancellation had been issued to the Defendant Law Firm, that Jones was not a partner in the Defendant Law Firm, or that Jones lacked authority to act for or bind the Defendant Law Firm  (See Affidavit of Plaintiff).

Between January 15, 1997 and March 26, 1997, Edwin Harvey was retained by Plaintiff through Jones to assist Jones and Defendant Law Firm, and to act as co-counsel in Plaintiff's criminal case.  (Amended Complaint, ¶ 15).  On March 11, 1997, Jones notified the State's

Attorney for Wicomico County in writing by letter bearing the letterhead of the Defendant Law Firm, with copies to the Plaintiff, the Office of the Public Defender for Wicomico County, and the Wicomico County Circuit Court, that he would be entering his appearance in Plaintiff's criminal case  (Amended Complaint, ¶ 16; <u>see also</u> copy of letter attached hereto as <u>Exhibit E</u>). On April 1, 1997, Jones and Harvey entered their appearances in Plaintiff's criminal case, simultaneously filing a motion for special admission for Jones. (Amended Complaint, ¶ 17).

On July 30-31, 1997, the  Plaintiff was tried before a jury in the Circuit Court for Wicomico County, the Honorable D. William Simpson presiding. (Amended Complaint, ¶ 18). The jury found the Petitioner guilty of second degree sex offense, third degree sex offense, and perverted sexual practice.  <u>Id</u>.  On October 27, 1997, Judge Simpson sentenced the Petitioner for second degree sex offense to 15 years to the Division of Correction, all but seven years suspended, and 36 months supervised probation.  (<u>See</u> Amended Complaint, ¶ 19).  The other charges were deemed to be lesser included offenses which merged into the second degree sexual offense.  <u>Id</u>.  A timely Motion for New Trial was filed, heard by the trial court, and denied. (Amended Complaint, ¶ 20).  A timely appeal was filed, but was later dismissed by the Office of the Public Defender.  <u>Id</u>.

On or about March 9, 1999, Plaintiff filed in his criminal case a petition for post-conviction relief pursuant to Art. 27, §645A.  (Amended Complaint, ¶ 21).   Citing the facts and allegations which are the subject of this Amended Complaint, the petition alleged that Plaintiff failed to receive effective assistance of counsel from his attorneys in violation of his rights under the Sixth Amendment of the United States Constitution, made applicable to the States through the Due Process Clause of the Fourteenth Amendment, and rights guaranteed by the Maryland Declaration of Rights, Art. 21.   <u>Id</u>.   An evidentiary hearing was held on August 23, 1999.

(Amended Complaint, ¶ 22).  Finding that Plaintiff had met his burden of proving ineffective assistance of counsel, and that as a result Plaintiff had suffered sufficient prejudice to warrant vacation of the judgment of conviction, the Circuit Court for Wicomico County issued an order on March 6, 2000, vacating Plaintiff's prior convictions and granting him a new trial.  Id.

Additional facts supporting Plaintiff's claims are set forth in the Amended Complaint, but are not pertinent to Plaintiff's response in opposition to the Motion for Summary Judgment filed herein by the Defendant Law Firm, and accordingly are not more particularly set forth herein.

## STANDARD OF REVIEW

In deciding a motion for summary judgment the trial court must determine whether a genuine dispute as to material facts exists and whether the moving party is entitled to judgment as a matter of law.  Kitchen v. Upshaw, 286 F.3d 179, 182 (4th Cir. 2002).   Once (and if) the moving party meets it burden by showing that there is an absence of evidence to support the non-moving party's case, to defeat a motion for summary judgment, the non-moving party must present "specific facts showing that there is a genuine issue for trial."  Id.  The disputed fact must be "significantly probative."  Brinkley v. Harbour Recreation Club, 180 F.3d 598, 614 (4th Cir. 1999).   All disputes of fact, as well as all inferences drawn from the evidence, must be resolved in favor of the non-moving party, and summary judgment should not be granted if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the non–moving party.  Id.

As set forth in the exhibits attached hereto, in the Statement of Facts above, and in the Argument below, Plaintiff asserts and sufficiently shows that there are material facts genuinely in dispute about whether the Defendant Law Firm is a proper defendant in this action and is

liable to the Plaintiff. Accordingly, this Court should deny said Defendant's Motion for Summary Judgment.

## ARGUMENT

**I.      The Primary Issues Raised in the Motion for Summary Judgment Have Been Briefed, Argued and Decided Against Defendant Previously, and the Law of the Case Doctrine Applies**

In its Motion for Summary Judgment, the Defendant Law Firm asserts arguments that were asserted, briefed, and argued by the parties before the Circuit Court for Wicomico County on said Defendant's prior Motion for Summary Judgment. The court denied the motion. Other than the argument as to Plaintiff's failure to have his legal expert witness address the issue of the Defendant Law Firm's liability (addressed below) the Defendant has not asserted any new discernibly different arguments or facts on the issues. Accordingly, the law of the case doctrine should apply, and the state court's denial of summary judgment upheld. 18 *Moore's Federal Practice*, §134.22[3][c] (Matthew Bender, 3d ed.).

## II.      There Are Material Facts Genuinely In Dispute

There are, without question, material facts genuinely in dispute herein about whether the Defendant Law Firm is a proper defendant and is liable to the Plaintiff  Although the Defendant Law Firm's motion and memorandum in one place submits that "some facts are undisputed" (Defendant's Motion and Memorandum, p. 1), the Defendant also argues that "the former LLP's liability is contested because ...the firm did not exist at the time of the alleged malpractice acts...[and]...defendant Jones had no authority to bind [the] firm." (Defendant's Motion and Brief, pp. 13 and 14). Facts contrary to these assertions of the Defendant Law Firm are alleged in the Amended Complaint and go to the crux of Plaintiff's claim against the Defendant Law Firm.

Accordingly, as demonstrated by the Defendant in its own motion, there are material facts genuinely in dispute. Furthermore, the Defendant Law Firm's recently submitted answers to Plaintiff's Requests for Admission, attached as Exhibit F, also demonstrate that additional material facts are genuinely in dispute[1]. Reference is also made to Plaintiff's Affidavit (attached as Exhibit A) which sets forth facts that also contradict the factual assertions and denials of the Defendant Law Firm. Based on all of the foregoing, the Defendant's motion for summary judgment must fail.

III.    **Defendant Law Firm is a Proper Party**

　　a.    **The Provisions of Former District of Columbia Registered Limited Liability Act of 1993 Govern the Determination of Liability of the Defendant LLP Herein**

The Defendant Law Firm argues in its Motion for Summary Judgment that it is entitled to summary judgment on the grounds that it is an improper party to this action and that it cannot be found liable to the Plaintiff as a matter of law. The gist of the Defendant Law Firm's argument is that because Jones purportedly acted alone, that no other member of the firm was involved in Plaintiff's criminal defense or representation, and that the Defendant Law Firm was dissolved by

---

[1] Such material facts genuinely in dispute include the following key allegations that the Defendant Law Firm has expressly denied:

Request No. 5: The document entitled "Criminal Retainer Agreement" attached as Exhibit C to these requests is a true copy of a retainer agreement entered into between Plaintiff Jeffrey Dow and Defendants Seals Jones Wilson Garrow & Evans, L.L.P. and James Benny Jones.

Request No. 7: James Benny Jones was a partner in Seals Jones Wilson Garrow & Evans, L.L.P., as of January 15, 1997, and as of March 11, 1997.

Request No. 8: As of January 15, 1997, James Benny Jones was authorized to enter into retainer agreements with clients on behalf of Seals Jones Wilson Garrow & Evans, L.L.P.

Request No. 9: As of March 11, 1997, James Benny Jones was authorized to enter his appearance and that of Seals Jones Wilson Garrow & Evans, L.L.P., in court proceedings on behalf of clients.

the time the Plaintiff's criminal trial took place, that Jones remains solely liable for his acts, and as such Mr. Jones' malpractice does not give rise to an obligation of the Defendant Law Firm.

As conceded in its motion for summary judgment, the Defendant Law Firm was formed (as of May 17, 1994) and subsequently cancelled (as of June 27, 1997)[2] under the provisions of the former D.C. Registered Limited Liability Act of 1993 (former D.C. Code §§41-143 through 148), and it is that set of now repealed statutes, in conjunction with the other statutes which comprised the former D.C. Uniform Partnership Act (D.C. Code §§41- 101 through 142), which governed – and still govern – the Defendant Law Firm's organization, internal affairs, and the liability of partners for debts, obligations and liabilities chargeable to it, and provide the standard by which liability may be imposed upon it.[3]  This premise is supported by the case law[4], and is mandated by statute in D.C. Code §49-304(a), a savings provision which provides:

> The repeal of any act …shall not release or extinguish any penalty, forfeiture or liability incurred pursuant to the act, and the act shall be treated as remaining in full force for the purpose of sustaining any proper action or prosecution for the enforcement of any penalty, forfeiture or liability, unless the repealing act expressly provides for the release or extinguishment of any penalty, forfeiture or liability.[5]

---

[2] Copies of the certificate of cancellation issued to the Defendant LLP, and the LLP's application for same, are attached hereto as Exhibit G.

[3] D.C. §41-143(g) provided that "[u]nless otherwise specifically provided by other provisions of this chapter, the registered limited liability partnership shall be subject to all the provisions of this chapter."  A copy of the D.C. Uniform Partnership Act as published in 1990 is attached hereto as Exhibit H.  A copy of the 1997 Supplement of the D.C. Uniform Partnership Act, which includes as an amendment thereto the set of statutes comprising the D.C. Registered Limited Liability Act of 1993, is attached hereto as Exhibit I.

[4] See District of Columbia v. Gallagher, 734 A.2d 1087 (D.C., 1999) (statutes are not to be given retroactive effect or construed to change the status of claims fixed in accordance with earlier provisions unless the legislative intent so to do plainly appears); Edwards v. Lateef, 558 A2d 1144 (D.C. App., 1989) (rule favoring prospective application of legislation applies where substantial rights are affected by change in legislation).

[5] A copy of the savings statute, D.C. Code §49-304, is attached hereto as Exhibit J.

The repealing act, Section 1203 of D.C. Law 11-234, which repealed that §§41-101 through 41-148 effective January 1, 1998, has no express provision for the release or extinguishment of any penalty, forfeiture or liability.[6]

      b.      **The RLLPA Requires Substantial Insurance Errors and Omissions Coverage, and Imposes the Joint Liability On Partners For Debts and Obligations of the Partnership**

The Defendant Law Firm argues that that "Section 47(a) [of the RLLPA, codified as former D.C. Code §41-146(a), is the only law to which the Court need refer to resolve the issue before it." Defendant's Motion and Memorandum, p. 4. Former D.C. Code §41-146(a) provides that a partner is not individually liable for debts and obligations of the partnership arising from of errors, omissions, negligence, incompetence, or malfeasance committed in the course of partnership business by a second partner, unless said partner was directly involved in the specific activity at issue, or had written notice or knowledge of the errors, omissions, negligence, incompetence, or malfeasance of the second partner at the time of the occurrence.

However, former D.C. Code §41-146(b) provides that subsection (a) does not affect the joint liability of the partner for debts and obligations of the partnership arising from any cause other than those specified in subsection (a). Further, former D.C. Code §41-146(c) provides that subsection (a) does not affect the liability of partnership assets for partnership debts and obligations.

Of significant import in this case are the provisions of former D.C. Code §41-145(a) requiring that "[a] registered limited liability partnership shall carry liability insurance in the amount of coverage of either (i) at least $100,000 of liability insurance of a type that is designed

---

[6] A copy of the notice of repeal as currently published in the D.C. Code is attached hereto as <u>Exhibit K</u>.

to cover the kind of errors, omissions, negligence, incompetence, or malfeasance for which liability is limited by §41-146, or (ii) coverage in a minimum amount of not less than the amount carried by the individual partner carrying the greatest amount of individual liability insurance, whichever is greater." Accordingly, to the extent insurance coverage is in place in the amounts and types as provided for in former D.C. Code §41-146(a) to cover the errors, omissions, negligence, incompetence, or malfeasance of Defendant Jones and any other partner of representative of the firm directly involved in Plaintiff's criminal defense, then former D.C. Code §41-146(b) allows the non-involved individual partners to escape personal liability, if they were not directly involved in Plaintiff's criminal defense. However, the Defendant Law Firm's counsel has told Plaintiff's counsel that no such insurance is in place and, accordingly, that obligation is a partnership obligation for which they and their other partners are jointly liable.

The lesson for the former partners of the Defendant Law Firm, who may have thought they were immune from any responsibility for the malpractice of Mr. Jones based on former D.C. Code §41-146(a), is that their failure to ensure the availability of insurance coverage required by the provisions of former D.C. Code §41-145(a), a statutory trade-off for the limited liability provided by former D.C. Code §41-146(a), means they are subject to liability for that partnership obligation under former D.C. Code §41-146(b).

c.      **The Acts of Defendant Jones Bound the Defendant Law Firm**

In its motion for summary judgment, the Defendant Law Firm argues profusely, but incorrectly, that under the RLLPA it does not matter what the Plaintiff subjectively thought about the relationship of Mr. Jones to the Defendant Law Firm, in that limited liability partnerships formed under the RLLPA were governed by the RLLPA, not the Uniform

Partnership Act, and that general partnership law is inapplicable, citing former D.C. Code §41-148.[7]

On the contrary, former D.C. Code §41-148(c) specifically provides that "[t]he liability of partners in a registered limited liability partnership organized and existing under this chapter for the debts and obligations of the registered limited liability partnership…shall at all times be determined solely and exclusively by *the provisions of this chapter* and any regulations promulgated hereunder." (emphasis added).  The chapter in which former D.C. Code §41-148(c) appears is Chapter 1 ("Uniform Partnerships") of Title 41 of the D.C. Code, which chapter incorporates all of §41-101 through §41-148 inclusive, including all of the code sections referenced by the Defendant Law Firm as the Uniform Partnership Act, namely §41-101 through §41-142 inclusive.  This point is further supported by §41-143(g), which provides that[u]nless otherwise specifically provided by other provisions of this chapter, the registered limited liability partnership *shall be subject to all the provisions of this chapter*."  (emphasis added).  The provision in former D.C. Code §41-143(g) is a statutory expression of the policy cited by the Defendant from <u>Currier v. Amerigas Propane, L.P.</u>, 737 A.2d 1118, 1120 (N.H. 1999), whereby courts will look to the Uniform Partnership Act in deciding questions of law regarding, in the instant case, registered limited liability partnerships0 where the RLLPA is silent and the two statutes do not conflict.

---

[7]  Excerpts from Defendant's Motion and Memorandum include "…[t]he plaintiff's subjective ideas about the partnership were irrelevant…" <u>Defendant's Motion and Memorandum</u>, p. 5, that  "…[u]nder the Act, it does not matter what the plaintiff or any other third person thought about the relationship of his or her attorney to the limited liability partnership…" <u>Id</u>., pp. 5 and 6, that the RLLPA "…tells us quite plainly that the inquiry into the plaintiff's thoughts regarding the relationship of one partner to another partner is irrelevant…" <u>Id</u>., p.6,  that "…general partnership law is inapplicable…" <u>Id</u>.,  that "[b]y explicit language in the RLLPA, limited liability partnerships formed under the RLLPA were governed by the RLLPA, not the UPA [citing former D.C. Code §41-148]…" <u>Id</u>., and that "…[t]he relevant inquiry here is only as to objective intent…" <u>Id</u>.

In fact, the RLLPA is silent on the issue of how the Plaintiff's subjective understanding of the relationship of Mr. Jones to the Defendant Law Firm bears on any liability the Defendant Law Firm may have. Accordingly, this Court may look to former D.C. Code §§41-101 though 41-142 for guidance. Under former D.C. Code §41-108, Defendant Jones was the agent of and a partner in the Defendant Law Firm, and bound that LLP by his acts and the conduct of his representation of Plaintiff in his criminal defense. Further, under former D.C. Code §41-115, even if Jones had no express authority to act on behalf of the Defendant Law Firm, this group of attorneys holding themselves out, with Jones, to the public generally, and to Plaintiff specifically, as operating as a law partnership under the name of Seals Jones Wilson Garrow & Evans, LLP. created a partnership by estoppel. The D.C. Court of Appeals has recently opined "that vis-à-vis third parties, a lawyer whose name appears in a law firm name may be liable as partner by estoppel." In re Karr, 722 A.2d 16, 25 (D.C. 1998). "[T]he purpose of having partners accurately identified as such, whether in the law firm's name or otherwise, is so that the public is not misled. *When it comes to the issue of liability, what becomes most important is who will be financially responsible to the client*." Id. (emphasis added).[8]


      **d.**      **Cancellation of the Defendant LLP Did Not Terminate Its Liability to Plaintiff – Plaintiff's Case Was an Uncompleted Transaction Requiring Winding-Up**

---

[8] Indeed, as noted in the Statement of Facts and Plaintiff's Affidavit, Jones represented to Plaintiff, and Plaintiff believed, that Plaintiff had retained the legal services of both Jones individually and of the Defendant LLP by and through Jones, its principal, for purposes of defending Plaintiff in his criminal case, and at no time was he advised otherwise. As his initial meeting at the firm's law offices in Washington, D.C. on or about November 15, 1996, Plaintiff met with both Jones and another law partner of the firm, Robert Wilson. At that meeting, Jones agreed on behalf of himself and the law firm to represent Plaintiff, and set a flat fee of $12,500.00, with a retainer of $1,000.00. When Plaintiff paid the retainer on or about January 15, 1997, the parties executed a retainer agreement bearing the letterhead of the Defendant LLP. At no time thereafter was Plaintiff aware or notified of the LLP's dissolution, that a certificate of cancellation had been issued to the Defendant LLP, that Jones was not a partner in the Defendant LLP, or that Jones lacked authority to act for or bind the Defendant LLP.

A certificate of cancellation was issued to the Defendant Law Firm effective June 27, 1997. The Defendant Law Firm's application for same, signed by each of its five partners, stated that its reason for the filing for the certificate of cancellation was "L.L.P. dissolving." Since limited liability partnerships are merely general partnerships that have elected LLP status, the statutes generally governing their dissolution are the same rules under the Uniform Partnership Act that govern dissolution of general partnerships. Humphreys, Limited Liability Companies, §7.06 – Dissolution of an LLP (Law Journal Press, 1998).

Former D.C. Code §41-129 provides that "[o]n dissolution, the partnership is not terminated, but continues until the winding up of partnership affairs is completed." The RLLPA code sections are silent on this issue. Once dissolution occurs, wind up begins, and "a partner can bind the partnership by any act appropriate for winding up partnership affairs or completing transactions unfinished at dissolution," Berk v. Sherman, 682 A.2d 209, 216 (D.C. 1996) See also former D.C. Code §41-134(a)(1). Additionally, pertinent to Plaintiff's claim herein against the Defendant Law Firm, former D.C. Code §41-134(a)(2) provides that "[a]fter dissolution a partner can bind the partnership…by any transaction which would bind the partnership if dissolution had not taken place, provided the other party to the transaction, had…known of the partnership prior to dissolution, and, having no knowledge or notice of dissolution, the fact of dissolution had not been advertised in a newspaper of general circulation in the place…at which the partnership business was regularly carried on." Furthermore, pursuant to former D.C. Code §41-134(c)(3), a partnership will be bound by the acts of a partner after dissolution, even where the partner has no authority to wind up partnership affairs, provided the other party to the transaction, has "…no knowledge or notice of his want of authority, the fact of his want of authority had not been advertised in the manner" as described above.

Under the laws of both the District of Columbia and Maryland, dissolution of a firm or partnership of lawyers does not terminate the relation and obligation of the partners to the clients who have previously engaged the partnership to represent them, and pending cases are viewed by the courts to be uncompleted transactions requiring winding up after dissolution. See Beckman v. Farmer, 579 A.2d 618, 636 (D.C. 1990) ("pending cases are viewed by the courts to be uncompleted transactions requiring winding up after dissolution;…dissolution does not terminate or discharge pre-existing contracts between the [law] partnership and its client."); Resnick v. Kaplan, 49 Md. App. 499, 507-508, 434 A.2d 582, 587-588 (1981) (pending cases "…were contractual, professional obligations and it was the duty of the respective partners to see to their completion"). See also Frates v. Nichols, 167 So.2d 77 (Fla.3d DCA 1964) (cited in both Beckman and Resnick, the court ruled "that the retention of a law firm obligates every member thereof to fulfilling that contract, and that upon dissolution any of the partners is obligated to complete that obligation without extra compensation [from the partnership]"); Ellerby v. Spiezer, 138 Ill.App.3d 77, 80-81, 92 Ill. Dec. 602, 605, 485 N.E.2d 413, 416 (1985) (law partnership's dissolution did not terminate its contractual relations with its clients; consequently, among the affairs of the partnership requiring winding up were the pending cases the partnership had agreed to handle); Vollgraff v. Block, 117 Misc.2d 489, 492, 458 N.Y.S.2d 437, 440 (1982) (where client was not notified of law partnership's dissolution, the mere dissolution thereof is ineffective to terminate partners' obligations as attorneys toward partnership clients); C.J.S., Attorney and Client, §225 (law firm's dissolution does not affect engagements already made, at least so far as their clients are concerned); Maryland Law Encyclopedia, Attorney and Client, §63 (2000).

Malpractice committed by a partner during his winding up of a pending case for a client who has no notice of the partnership's dissolution is a liability of the partnership. Vollgraff, 117

Misc.2d at 492, 458 N.Y.S.2d at 440.  The <u>Vollgraff</u> court noted that the defendant attorney, much like the Defendant LLP, argued

> …that dissolution of his firm releases him from any liability occurring after dissolution with respect to the firm's clients.  As to ordinary business relationships between partnerships and third persons, this may be so.  However, the relationship between a law partnership and its clients is not an ordinary business relationship, it is a fiduciary relationship and requires a high degree of fidelity and good faith…This court concludes that the fiduciary relationship is breached if a law partnership's clients are not advised of the partnership's dissolution and some prejudice thereby results.  This is but an application of the general rule that even after dissolution, the members of a partnership are liable to persons who have no knowledge of the dissolution of the firm and who deal with the firm.

<u>Id</u>. (cites omitted).  <u>See generally</u> Hillman, <u>Law Firms and Their Partners: The Law and Ethics of Grabbing and Leaving</u> (67 Tex. L. Rev. 1 1988).[9]

The Defendant's reliance on <u>Dodek v. CF 16 Corp.</u>, 537 A.2d 1086 (D.C. 1988) and other authorities cited is misplaced and inapplicable to the issues before this Court.  The <u>Dodek</u> court concluded that the entity at issue in that case dissolved and was reconstituted as a new entity, unlike the Defendant Law Firm, which dissolved and proceeded to wind-up its affairs, during which time the malpractice which is the subject of this litigation occurred.  Further, the Defendant's discussion about former D.C. Code §41-116, on the potential liability of new individual partners is not relevant here, because the sole inquiry for this Court at this stage of the litigation is the liability of the entity only.  What the Defendant Law Firm ignores, and what <u>Dodek</u> does not address, is the impact of former D.C. Code §41-129, which, as briefed above, provides that "[o]n dissolution, the partnership is not terminated, but continues until the winding

---

[9] Other cases addressing the similar issue of individual partners' liability under statutory schemes different from the RLLPA include <u>Palomba v. Barish</u>, 626 F. Supp. 722 (E.D. Pa. 1985) (in denying defendant attorney's motion for summary judgment, the court noted that his withdrawal from the firm two years prior to the alleged malpractice by another partner during winding-up period "is of little moment to whether or not [the attorney] can be held liable for the malpractice of his former partners."); <u>Redman v. Walters</u>, 88 Cal.App.3d 448, 152 Cal.Rptr. 42 (1979) (former partner is subject to liability for malpractice committed by another former partner during winding-up period).

up of partnership affairs is completed." Accordingly, the Defendant Law Firm's argument that any responsibilities it had toward Plaintiff ended upon the law firm's dissolution is unavailing.

**IV.    Expert Testimony Not Necessary to Establish Liability of the Defendant Law Firm**

The Defendant Law Firm incorrectly argues that the Plaintiff's legal expert, Professor Jose Anderson of the University of Baltimore School of Law, while providing "many reasons why 'trial counsel' Jones and Harvey's performance did not meet a reasonable standard as determined by Maryland Court of Appeals he provided no opinion as to why the former LLP is liable." The Defendant Law Firm also incorrectly argues that Professor Anderson's failure to specifically comment on the issues of whether the firm existed at the time of the alleged malpractice acts, or whether Mr. Jones had authority to bind the firm, eviscerates Plaintiff's claim against the Law Firm.

On the contrary, Professor Anderson states emphatically in his report, attached hereto as Exhibit L, that "trial counsel *and his law f*irm were ineffective in their representation of Mr. Dow in his trial." Expert Report of Professor Anderson, p. 1 (emphasis added). Professor Anderson goes on to explain in detail the bases of that opinion, focusing on Mr. Jones' failure to prepare and investigate for trial, and his failure to effectively and competently conduct the trial.

As this Court has previously noted in its Memorandum Order pertaining the defendants' joint motion to dismiss, in order for Plaintiff to maintain and prove his cause of action for criminal malpractice, Plaintiff must allege and prove facts pertaining to each of the five elements set forth in *Berringer v. Steele*, namely: (1) the prior employment of the lawyer; (2) the lawyer's neglect of a reasonable duty; (3) loss to the client proximately caused by the neglect of duty; (4) the criminal plaintiff's initiation of post conviction, appellate, or habeas relief premised on the

lawyer's error; and (5) ultimately, the criminal plaintiff's successful pursuit of post conviction, appellate, or habeas relief based on attorney error. 133 Md. App. 442, 498, 758 A2d 574, 604 (2000). Professor Anderson's report addresses and proves each of those elements and provides, per se, a sufficient basis for a jury to find in the Plaintiff's favor on his criminal malpractice claims against Mr. Jones (and Mr. Harvey), and by extension, the Defendant Law Firm

As provided in the former D.C. Code version of the RLLPA which governs the liability of the Defendant Law Firm herein, and the case law cited above, the Defendant Law Firm's liability to Plaintiff in this action rises and falls on Plaintiff's proving his criminal malpractice claim against Mr. Jones. With Mr. Jones' malpractice proven with the necessary expert testimony of Professor Anderson, Adams v. NVR Homes, Inc., 142 F. Supp. 2d 649 (D. Md. 2001) ("expert testimony is required when the subject matter is so particularly related to some science or profession that it is beyond the ken of the average layman"), all that Plaintiff must prove in order to establish liability against the Defendant Law Firm under former D.C. Code §41-145 is that Mr. Jones was a partner, actually or by estoppel. As briefed above, such a determination is reached through interpretation and application of the RLLPA and the relevant case law cited above. Any facts relevant to this inquiry, such as how Mr. Jones and the Defendant Law Firm held themselves out to the Plaintiff as a viable and operating law firm of which Mr. Jones was a named partner, or the Plaintiff's lack of knowledge of the Defendant Law Firm's purported dissolution, are matters on which jurors would be aware by virtue of common knowledge or experience, and therefore do not require expert testimony. Further, such matters are mixed questions of law and fact, or the application of law to fact, and are not of the type appropriate for expert testimony. 3 Mueller and Kirkpatrick, *Federal Evidence*, §§59 (Judicial Notice of Law) and 352 (Expert Testimony on Law) (Lawyers Cooperative Publishing, 2d ed.).

See also Hartford v. Scarlett Harbor, 109 Md. App. 217, 257, 674 A.2d 106 (1996), *aff'd.* 346 Md. 122, 695 A.2d 153 (1997).

## **CONCLUSION**

There are genuine disputes of material facts which are the subject of the Motion for Summary Judgment, the Defendant Law Firm is not entitled to judgment as a matter of law, and its Motion for Summary Judgment should be denied.  The Defendant Law Firm's Motion for Summary Judgment should be denied given that all disputes of fact, as well as all inferences drawn from the evidence, must be resolved in favor of the Plaintiff, and that Plaintiff has presented admissible evidence to show the existence of disputes of material facts which Defendant Law Firm would otherwise have the Court believe are not in dispute and upon which it has based its Motion for Summary Judgment.  Such disputed facts are material, and will alter the outcome of the case depending upon how the fact finder resolves the disputes over them.

WHEREFORE, Plaintiff Jeffrey Dow, through his undersigned counsel, respectfully prays that this Court deny the Defendant Law Firm's Motion for Summary Judgment.

Respectfully submitted,

/s/_____
Andrew C. Meehan
Federal Bar No. 26615
Wright & Meehan
100 Church Alley
Chestertown, Maryland  21620
Telephone:  (410) 778-0266
Facsimile:   (410) 778-2918
COUNSEL FOR PLAINTIFF

## <u>LIST OF EXHIBITS</u>

Exhibit A:      Affidavit of Plaintiff

Exhibit B:      Defendant's Application of Limited Liability Partnership

Exhibit C:      Defendant's Certificate of Limited Liability Partnership

Exhibit D:      Retainer Agreement between Plaintiff and Defendants

Exhibit E:      March 11, 1997, letter from Mr. Jones on letterhead of the Defendant Law Firm

Exhibit F:      Defendant's Answers to Plaintiff's Requests for Admission

Exhibit G:      Defendant's Certificate of Cancellation issued its application for same

Exhibit H:      D.C. Uniform Partnership Act as published in 1990

Exhibit I:      1997 Supplement of the D.C. Uniform Partnership Act, which includes as an amendment thereto the set of statutes comprising the D.C. Registered Limited Liability Act of 1993

Exhibit J:      D.C. savings statute, D.C. Code §49-304

Exhibit K:      Notice of repeal as currently published in the D.C. Code

Exhibit L:      Expert Report of Professor Jose Anderson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

JEFFREY DOW,                               *
                                           *
            Plaintiff,                     *
                                           *
v.                                         *        Civil Case No. CCB-01-2303
                                           *
JAMES BENNY JONES, <u>et al.</u>,         *
                                           *
            Defendants.                    *
                                           *
**************************************************************************

## <u>ORDER DENYING MOTION FOR SUMMARY JUDGMENT</u>

UPON CONSIDERATION of the motion and memorandum for summary judgment filed herein by Defendant Seals Jones Wilson Garrow & Evans, L.L.P., and Plaintiff's Response in Opposition to said motion, and his memorandum of law in support thereof; and it

APPEARING TO THE COURT that justice requires that the motion for summary judgment be denied; it is therefore

ORDERED that said motion for summary judgment filed herein by Defendant Seals Jones Wilson Garrow & Evans, L.L.P., be, and are hereby, DENIED.

ENTERED this _____ day of _____, 2003.


                                    _____
                                    United States District Judge

Distribution:

Andrew C. Meehan, Esquire
Wright & Meehan
100 Church Alley
Chestertown, MD  21620

Edwin H. Harvey, Esquire
666 Eleventh Street, NW, Suite 1030
Washington, D.C.  20001

James Benny Jones, Esquire
666 Eleventh Street, NW, Suite 840
Washington, D.C.  20001

George L. Garrow, Jr., Esquire
Garrow & Evans, LLP
1775 Pennsylvania Avenue, NW, Suite 400
Washington, DC  20006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Baltimore Division

| | | |
|---|---|---|
| JEFFREY DOW, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. CCB-01-2303 |
| | * | |
| JAMES BENNY JONES, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

*************************************************************************

## CERTIFICATE OF SERVICE

      I hereby certify that service required by Fed. R. Civ. P. 5(a) has been made in that on this 24th day of November, 2003, true copies of the Plaintiff's Response in opposition to the Motion for Summary Judgment Filed Herein by Defendant Seals Jones Wilson Garrow & Evans, L.L.P., Plaintiff's Memorandum of Law in Support Thereof, the proposed Order Denying Motion for Summary Judgment submitted therewith, together with a copy of this Certificate of Service, were sent by first-class mail, postage prepaid, to the following:

             Edwin H. Harvey
             666 Eleventh Street, NW, Suite 1030
             Washington, D.C.  20001

             George L. Garrow, Jr., Esquire
             Garrow & Evans, LLP
             1775 Pennsylvania Avenue, NW, Suite 400
             Washington, DC  20006

             James Benny Jones, Esquire
             666 Eleventh Street, NW, Suite 840
             Washington, DC 20001

             /s/_____
             Andrew C. Meehan