# AFFIDAVIT

JEFFREY DOW, having been duly sworn, deposes and states as follows:

1.  I am the plaintiff herein. I am 21 years of age and otherwise competent to make this affidavit. All statements made are based on my personal knowledge.

2.  On or about October 3, 1996, I was charged in the District Court of Maryland for Wicomico County with certain criminal offenses arising from an alleged sexual assault.

3.  On or about November 15, 1996, I and my wife, Leslie, met with attorney James Jones ("Jones") and Robert Wilson ("Wilson") in Washington, D.C. at the law offices Seals Jones Wilson Garrow & Evans, L.L.P., to discuss the firm's representation of me in my criminal case.

4.  Both Jones and Wilson, and William Seals ("Seals"), George Garrow ("Garrow") and Evans ("Evans"), were members of the firm, a limited liability partnership formed and existing under the laws of the District of Columbia.

5.  At that meeting, Jones agreed on behalf of himself and Seals Jones Wilson Garrow & Evans, L.L.P. to represent me, and set a flat fee of $12,500.00, with a retainer of $1,000.00 to enter his appearance.

_IGHT & MEEHAN
ATTORNEYS AT LAW
100 CHURCH ALLEY
AT LAWYERS ROW
:STERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
EAST CHASE STREET
LTIMORE, MARYLAND
21202
410-837-6172

EXHIBIT A

6. At all times relevant to this proceeding, Seals, Jones, Wilson, Garrow and Evans held themselves out to the public generally, and to me specifically, as partners operating as a law firm under the name of Seals Jones Wilson Garrow & Evans, L.L.P., and said individuals are hereby being sued as partners thereof. Jones is also being sued individually for reasons independent of his relationship with Seals Jones Wilson Garrow & Evans, L.L.P.

7. Seals Jones Wilson Garrow & Evans, L.L.P., at all times relevant to this proceeding, was a limited liability partnership which held itself out to the public generally, and to me specifically, as operating as a law firm in the District of Columbia and the State of Connecticut, and maintained offices for the purpose of practicing law at 1010 Massachusetts Avenue, N.W., Suite 300, Washington, D.C. 20001, and at 185 Asylum Street, City Place, Thirty-First Floor, Hartford, Connecticut 06103.

8. On or about January 15, 1997, I paid to Jones the retainer of $1,000.00 and the we executed a retainer agreement bearing the letterhead of Seals Jones Wilson Garrow & Evans, L.L.P. Pursuant to Maryland Rule 4-214(a) Jones was required to enter his appearance by January 22, 1997, but did not. Rather, at the time Jones and Seals Jones Wilson Garrow & Evans, L.L.P. were retained, Jones told me and my wife that he would not enter his appearance or investigate the case at that time, that the investigation of the case would be left to the Office of the Public Defender, and that they would rely on that investigation. Jones advised us that this was standard criminal defense practice.

9. At all times relevant to this proceeding, Jones represented to me, and I believed, that I had retained the legal services of both Jones individually and of Seals Jones

IGHT & MEEHAN
,TTORNEYS AT LAW
)O CHURCH ALLEY
AT LAWYERS ROW
5TERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
:AST CHASE STREET
TIMORE, MARYLAND
21202
410-837-6172

Wilson Garrow & Evans, L.L.P. by and through Jones, its principal, for purposes of defending me in my criminal case, and at no time was I advised otherwise.

10. Additionally, at no time relevant to this proceeding was I aware or notified that at any time a Certificate of Cancellation had been issued to Seals Jones Wilson Garrow & Evans, L.L.P., that Jones was not a partner in Seals Jones Wilson Garrow & Evans, L.L.P., or that Jones lacked authority to act for or bind Seals Jones Wilson Garrow & Evans, L.L.P.

11. Between January 15, 1997 and March 26, 1997, Edwin Harvey ("Harvey") was retained by me through Jones to assist Jones and Seals Jones Wilson Garrow & Evans, L.L.P., and to act as co-counsel in my criminal case.

12. On March 11, 1997, Jones notified the State's Attorney for Wicomico County in writing by letter bearing the letterhead of Seals Jones Wilson Garrow & Evans, L.L.P., with copies to me, the Office of the Public Defender for Wicomico County, and the Wicomico County Circuit Court, that he would be entering his appearance in my criminal case

13. On April 1, 1997, Jones and Harvey entered their appearances in my criminal case, simultaneously filing a motion for special admission for Jones.

14. On July 30-31, 1997, I was tried before a jury in the Circuit Court for Wicomico County, the Honorable D. William Simpson presiding.

15. The jury found me guilty of second degree sex offense, third degree sex offense, and perverted sexual practice.

16. On October 27, 1997, Judge Simpson sentenced me for second degree sex offense to 15 years to the Division of Correction, all but seven years suspended, and 36 months supervised probation. The other charges were deemed to be lesser included offenses which merged into the second degree sexual offense. A timely Motion for New Trial was

IGHT & MEEHAN
.TTORNEYS AT LAW
)O CHURCH ALLEY
AT LAWYERS ROW
;TERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
AST CHASE STREET
TIMORE, MARYLAND
21202
410-837-6172

filed, heard by the trial court, and denied. A timely appeal was filed, but was later dismissed by the Office of the Public Defender.

17. On or about March 9, 1999, I filed in my criminal case a petition for post-conviction relief pursuant to Art. 27, §645A. Citing the facts and allegations which are the subject of the Complaint herein, the petition alleged that I had failed to receive effective assistance of counsel from my attorneys in violation of my rights under the Sixth Amendment of the United States Constitution, made applicable to the States through the Due Process Clause of the Fourteenth Amendment, and rights guaranteed by the Maryland Declaration of Rights, Art. 21.

18. An evidentiary hearing was held on August 23, 1999. Finding that I had met my burden of proving ineffective assistance of counsel, and that as a result I had suffered sufficient prejudice to warrant vacation of the judgment of conviction, the Circuit Court for Wicomico County issued an order on March 6, 2000, vacating my prior convictions and granting me a new trial.

19. As a result of the attorney-client relationship created by the above conduct of the parties, defendants Jones, Harvey, and Seals Jones Wilson Garrow & Evans, L.L.P., independently and collectively had a duty to represent me with the reasonable care, skill, and diligence possessed and exercised by ordinary attorneys in similar circumstances. The Defendants' duties included the responsibility to investigate every phase of my case, and to effectively and competently conduct my defense at my criminal trial.

20. As noted above, at the time Jones and Seals Jones Wilson Garrow & Evans, L.L.P. were retained, Jones told my wife and I that he would not enter his appearance or investigate the case at that time, that the investigation of the case would be left to the Office

IGHT & MEEHAN
ATTORNEYS AT LAW
OO CHURCH ALLEY
AT LAWYERS ROW
STERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
EAST CHASE STREET
TIMORE, MARYLAND
21202
410-837-6172

4

of the Public Defender, and that they would rely on that investigation. Jones advised us that this was standard criminal defense practice.

21. Upon information and belief, Defendants conducted only a cursory, one day investigation in Wicomico County with respect to the case prior to trial. In all other respects Defendants relied on the investigation of the Office of the Public Defender in their preparation of my trial. The Defendants did not ever interview certain key witnesses whose names were provided by me to Defendants. The witnesses would have established an alibi or otherwise supported my defense.

22. Defendants' failure to effectively and competently investigate my case was a breach of Defendants' duty to exercise reasonable care, skill and diligence on my behalf.

23. As a result of the Defendants' failure to effectively and competently investigate my criminal case, the Defendants were not prepared to effectively and competently conduct my trial, and thus I was denied my right to a fair trial and a guilty verdict was wrongfully rendered against me.

24. But for the failure of Defendants to effectively and competently investigate my criminal case, I would have received a fair trial and an acquittal.

25. As a result of the Defendants' failure to effectively and competently investigate my criminal case, prior to the trial of the case, I sustained injury and loss. Specifically, my injury includes : (1) a wrongful guilty verdict against me in my criminal case; (2) incarceration from July 31, 1997 to March 13, 2000; (3) payment of services with little or no value and no benefit; (4) loss of property; (5) loss of income while incarcerated; (6) loss of credit; (7) damage to reputation; (8) severe and permanent physical injury suffered while incarcerated; (9) psychological and emotional distress, anguish, physical nervousness,

IGHT & MEEHAN
ATTORNEYS AT LAW
OO CHURCH ALLEY
AT LAWYERS ROW
STERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
EAST CHASE STREET
.TIMORE, MARYLAND
21202
410-837-6172

and anxiety, and past and future medical expenses associated therewith; (10) legal fees and expenses to pursue post-conviction relief and providing defense for new trial; and (11) such other damages not specifically referenced herein but which will be proven at trial.

26. The damage sustained by me was directly and proximately caused by the Defendants' breach of duty as set forth above, or consequentially arose therefrom. I committed no acts of negligence that contributed to my damages.

27. Solely as a result of Defendants' negligence, I have been damaged in the sum of Two Million Dollars ($2,000,000.00), plus the costs of filing this action.

28. My arrest and indictment were the subject of much press reporting and speculation. A candidate for mayor of Berlin, Maryland, and a local radio and television celebrity, I was popular and easy prey for the local press. I was the subject of over seventeen articles or editorials in the local print media during period from his arrest to my trial, some of which was inflammatory and prejudicial, and my case was also well covered in the broadcast media.

29. The damage that such media coverage was sufficiently substantial so as not to be forgotten over the period of time between that publication and the selection of the jury, thereby resulting in a tainted jury pool.

30. Although there was a sufficient basis for a change of venue, Defendants failed to protect me by moving to change venue on the grounds of prejudicial pretrial publicity.

31. As a result of the attorney-client relationship created by the above conduct of the parties, defendants Jones, Harvey, and Seals Jones Wilson Garrow & Evans, L.L.P. independently and collectively had a duty to represent me with the reasonable care, skill, and diligence possessed and exercised by ordinary attorneys in similar circumstances. The

IGHT & MEEHAN
TTORNEYS AT LAW
DO CHURCH ALLEY
AT LAWYERS ROW
STERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
EAST CHASE STREET
TIMORE, MARYLAND
21202
410-837-6172

Defendants' duties included moving to change venue on the grounds of prejudicial pretrial publicity.

32. Defendants' failure to move for change of venue was a breach of Defendants' duty to exercise reasonable care, skill and diligence on my behalf.

33. As a result of the Defendants' failure to move for change of venue, my defense was prejudiced and I was denied my right to a fair trial.

34. As a result of the Defendants' failure to move for change of venue, I sustained injury and loss. Specifically, my injury includes : (1) a wrongful guilty verdict against me in his criminal case; (2) incarceration from July 31, 1997 to March 13, 2000; (3) payment of services with little or no value and no benefit; (4) loss of property; (5) loss of income while incarcerated; (6) loss of credit; (7) damage to reputation; (8) severe and permanent physical injury suffered while incarcerated; (9) psychological and emotional distress, anguish, physical nervousness, and anxiety, and past and future medical expenses associated therewith; (10) legal fees and expenses to pursue post-conviction relief and providing defense for new trial; and (11) such other damages not specifically referenced herein but which will be proven at trial.

35. The damage sustained by me was directly and proximately caused by the Defendants' breach of duty as set forth above, or consequentially arose therefrom. I committed no acts of negligence that contributed to his damages.

36. Solely as a result of Defendants' negligence, I have been damaged in the sum of Two Million Dollars ($2,000,000.00), plus the costs of filing this action.

IGHT & MEEHAN
ATTORNEYS AT LAW
OO CHURCH ALLEY
AT LAWYERS ROW
STERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
EAST CHASE STREET
.TIMORE, MARYLAND
21202
410-837-6172

37. During the jury voir dire at trial, twenty-seven panel members indicated that they had read or heard about my case in the local media. Despite this, during none of the individual voir dire at the bench did Defense counsel ask any questions regarding this issue.

38. Defendants failed to retain local counsel to assist in the jury selection, and failed to conduct sufficient and competent voir dire of the jury panel despite the fact that a significant number of jurors had either heard or read of the case.

39. During the course of the trial, Defendants permitted admission without objection of vast amounts of both irrelevant testimony from the alleged victim's family members and local police officials. These witnesses had no first hand knowledge of the case. The testimony served to add to the emotional volatility of the case and add false credibility to the State's case.

40. Throughout the trial, Defendants failed to object to procedurally inadmissible and substantially irrelevant and immaterial testimony and evidence. Said testimony and evidence was inflammatory, highly prejudicial, and had a material affect on the outcome of the trial. The Defendants' conduct rose to the level of incompetent and ineffective representation.

41. Defendants also failed to object to other hearsay and inadmissible information, the admission of which had a material affect on the outcome of the trial.

42. Defendants, having promised alibi evidence in my defense, failed to produce any such witnesses, despite the fact that several witnesses who were prepared and present in the court house to provide effective alibi testimony.

43. Defendants failed to present defense testimony to resolve two issues. First, that on the night in question, I drove his van, a older green full size van, rather than my wife's

GHT & MEEHAN
TORNEYS AT LAW
O CHURCH ALLEY
T LAWYERS ROW
ERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
ST CHASE STREET
MORE, MARYLAND
21202
410-837-6172

8

white minivan as the alleged victim had testified. Second, that on the night in question, I had returned home in my green van at approximately 2:00 a.m. on September 8, 1996.

44. Subpoenaed to appear at trial to testify to the events of that night were Justin Anchetta, Dr. Terri Wattay, and my wife.

45. If called to testify, Justin Anchetta would have provided effective alibi testimony.

46. At no time was Justin interviewed by and/or called to testify by Defendants.

47. Justin appeared at the Wicomico County Court House on the day of trial, but was never called as a witness in the proceeding. Further, Justin testified before Judge Warren at the hearing on the Petition for Post Conviction Relief and was deemed credible by the Court.

48. If called to testify, Dr. Terri Wattay would have provided effective alibi testimony.

49. Although Dr. Wattay made herself available to defense counsel, at no time was Dr. Wattay interviewed by and/or called to testify by Defendants.

50. Defense counsel released my wife as a witness on the day of trial. My wife would have testified that on the night in question, I drove his van, a older green full size van, rather than her white minivan as the alleged victim had testified. Second, that on the night in question, I returned home in my green van at approximately 2:00 a.m. on September 8, 1996. Further, my wife testified before Judge Warren at the hearing on the Petition for Post Conviction Relief and was deemed credible by the Court.

IGHT & MEEHAN
.TTORNEYS AT LAW
OO CHURCH ALLEY
AT LAWYERS ROW
STERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
EAST CHASE STREET
TIMORE, MARYLAND
21202
410-837-6172

51. As a result of the attorney-client relationship created by the above conduct of the parties, defendants Jones, Harvey, and SJWG&E independently and collectively had a duty to represent me with the reasonable care, skill, and diligence possessed and exercised by ordinary attorneys in similar circumstances. The Defendants' duties included the responsibility to effectively and competently conduct my defense at trial.

52. Defendants' failure to effectively and competently conduct my defense at trial as described above was a breach of Defendants' duty to exercise reasonable care, skill and diligence on my behalf.

53. As a result of the Defendants' failure to effectively and competently conduct my defense at trial as described above, a guilty verdict was wrongfully rendered against me, and I was denied his right to a fair trial.

54. But for the failure of Defendants to effectively and competently conduct my defense at trial as described above, I would have received a fair trial and an acquittal.

55. As a result of the Defendants' failure to effectively and competently conduct my defense at trial as described above I sustained injury and loss. Specifically, my injury includes : (1) a wrongful guilty verdict against me in his criminal case; (2) incarceration from July 31, 1997 to March 13, 2000; (3) payment of services with little or no value and no benefit; (4) loss of property; (5) loss of income while incarcerated; (6) loss of credit; (7) damage to reputation; (8) severe and permanent physical injury suffered while incarcerated; (9) psychological and emotional distress, anguish, physical nervousness, and anxiety, and past and future medical expenses associated therewith; (10) legal fees and expenses to pursue post-conviction relief and providing defense for new trial; and (11) such other damages not specifically referenced herein but which will be proven at trial.

GHT & MEEHAN
TTORNEYS AT LAW
)0 CHURCH ALLEY
\T LAWYERS ROW
TERTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
AST CHASE STREET
TIMORE, MARYLAND
21202
410-837-6172

56. The damage sustained by me was directly and proximately caused by the Defendants' breach of duty as set forth above, or consequentially arose therefrom. I committed no acts of negligence that contributed to my damages.

57. Solely as a result of Defendants' negligence, I have been damaged in the sum of Two Million Dollars ($2,000,000.00), plus the costs of filing this action.

58. Acting to further Jones's individual interests and those of Seals Jones Wilson Garrow & Evans, L.L.P., and to induce me to retain Jones and SJWG&E, Jones made intentional misrepresentations to me regarding his experience and expertise, and maintained those false representations through his representation of me. Jones's and Seals Jones Wilson Garrow & Evans, L.L.P.'s intentional misrepresentations and incompetence in the conduct of my defense constituted actual malice sufficient to justify an award of punitive damages.

59. Acting to further his individual interests, and to induce me to retain him, Harvey made intentional misrepresentations to me regarding his experience and expertise and maintained those false representations through his representation of me. Harvey's intentional misrepresentations and incompetence in the conduct of my defense constituted actual malice sufficient to justify an award of punitive damages.

Further the affiant sayeth not:

_Jeffrey Doy_ (signature)

STATE OF MARYLAND,
COUNTY OF ~~KENT~~, TO WIT:
Queen Anne

Sworn to and subscribed before me this 2nd day of January, 2001.

_Norma Jean Boone_ (signature)
Notary Public
My commission expires: 3·1·03

HT & MEEHAN
ORNEYS AT LAW
CHURCH ALLEY
LAWYERS ROW
RTOWN, MARYLAND
21620
410-778-0266

SUITE 3-A
T CHASE STREET
IORE, MARYLAND
21202
410-837-6172