§ 41-101   PARTNERSHIPS

1997



EXHIBIT I

# TITLE 41. PARTNERSHIPS.

Chapter
1A. Uniform Partnership Act of 1996 . . . . . . . §§ 41-151.1 to 41-162.3.

## CHAPTER 1. UNIFORM PARTNERSHIPS.

Sec.
41-101  Definition of terms. [Repealed effective January 1, 1998.]
41-105.1.  Registration and fees. [Repealed effective January 1, 1998.]
41-143.  Registered limited liability partnerships. [Repealed effective January 1, 1998.]
41-144.  Name of registered limited liability partnerships. [Repealed effective January 1, 1998.]
41-145.  Insurance requirement for registered limited liability partnerships. [Repealed effective January 1, 1998.]

Sec.
41-146.  Nature of partners' liability in registered limited liability partnership. [Repealed effective January 1, 1998.]
41-147.  Foreign registered limited liability partnerships. [Repealed effective January 1, 1998.]
41-148.  Applicability of chapter to foreign and interstate commerce. [Repealed effective January 1, 1998.]

## § 41-101. Definition of terms. [Repealed effective January 1, 1998.]

* * * * *

(g) "Majority in interest" means those persons holding more than 50% of current interest in the profits of the partnership.

(h) "Registered limited liability partnership" means a partnership registered pursuant to § 41-143 and complying with §§ 41-144 and 41-145. (Sept. 27, 1962, 76 Stat. 636, Pub. L. 87-709, § 2; 1973 Ed., § 41-301; Oct. 15, 1993, D.C. Law 10-34, § 2(a), 40 DCR 5764.)

Effect of amendments. — D.C. Law 10-34 added (g) and (h).
Legislative history of Law 10-34. — See note to § 41-105.1.
Legislative history of Law 11-234. — See note to § 41-151.1.
Chapter repealed effective January 1, 1998. — Section 1203 of D.C. Law 11-234 provided that §§ 41-101 through 41-148 are repealed effective January 1, 1998.

Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993". — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).
Cited in Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990); Adams v. Slonim, 924 F.2d 256 (D.C. Cir. 1991).

## § 41-102. Interpretation of knowledge and notice. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.
Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-103. Rules of construction. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-104. Rules for cases not provided for in this chapter. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Cited in Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

### § 41-105. "Partnership" defined. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Existence of partnership. — Ultimately, whether a partnership exists is an issue of fact, turning less on the presence or absence of legal essentials than on the intent of the parties gathered from their agreement, conduct, and the circumstances surrounding their transactions. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

Proffer of undisputed facts was sufficient as a matter of law to establish that the parties associated together with the intent to carry on the business as co-owners of law practice for profit. However, because lack of control rights and sharing in losses and liabilities are probative of nonpartnership, rebuttal raising factual disputes on these issues precluded summary judgment. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

Cited in Reiman v. International Hospitality Group, Ltd., App. D.C., 614 A.2d 925 (1992); Fraser v. Gottfried, App. D.C., 636 A.2d 430 (1994).

### § 41-105.1. Registration and fees. [Repealed effective January 1, 1998.]

(a) The Mayor may require that partnerships register on forms provided by the Mayor, and that partnerships be assessed a fee for the registration.

(b) The proposed fee schedule shall be submitted to the Council for a 45-day period of review, excluding Saturdays, Sundays, legal holidays, and days of Council recess. If the Council does not approve or disapprove the proposed rules, in whole or in part, by resolution within this 45-day review period, the proposed fee schedule shall be deemed approved. Nothing in this section shall affect any requirements imposed upon the Mayor by subchapter I of Chapter 15 of Title 1. (Sept. 27, 1962, 76 Stat. 637, Pub. L. 87-709, § 6a, as added by Oct. 15, 1993, D.C. Law 10-34, § 2(b), 40 DCR 5764.)

Effect of amendments. — Law 10-34 added the section.

Legislative history of Law 10-34. — Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993," was introduced in Council and assigned Bill No. 10-18, which was referred to the Committee on Consumer and Regulatory Affairs. The Bill was adopted on first and second readings on June 1, 1993, and July 13, 1993, respectively. Signed by the Mayor on July 29, 1993, it was assigned Act No. 10-66 and transmitted to both Houses of Congress for its review. D.C. Law 10-34 became effective on October 15, 1993.

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993". — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).

### § 41-106. Rules for determining the existence of a partnership. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Existence of partnership is a factual issue.** — Ultimately, whether a partnership exists is an issue of fact, turning less on the presence or absence of legal essentials than on the intent of the parties gathered from their agreement, conduct, and the circumstances surrounding their transactions. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

### § 41-107. Partnership property; acquisition and conveyance of title. [Repealed effective January 1, 1998.]

**Section references.** — This section is referred to in § 29-1313.

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Partnership property and personal property.** — When a creditor pursues a partnership debt where the partners, by contract with the creditor, have insulated themselves from personal liability, the creditor will not necessarily be precluded from reaching partnership property in the partners' hands. Such preclusion will occur only if the contract, when properly interpreted, prevents a claim against both "personal" and "partnership" property. Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990).

Insurance policy, initially purchased at the expense and for the benefit of corporation, was partnership property. Federal Kemper Life Assurance Co. v. Wolensky's Ltd. Partnership, 163 Bankr. 615 (Bankr. D.D.C. 1993).

Corporate insurance policy as a whole is an asset of limited partnership, which includes the right to exercise any of the provisions in the policy, including one allowing a change of beneficiary. Federal Kemper Life Assurance Co. v. Wolensky's Ltd. Partnership, 163 Bankr. 615 (Bankr. D.D.C. 1993).

A transfer of partnership property by one partner for his own personal benefit is void as affecting the rights of the other partners in the property. Federal Kemper Life Assurance Co. v. Wolensky's Ltd. Partnership, 163 Bankr. 615 (Bankr. D.D.C. 1993).

### § 41-108. Role of partners in partnership business; acts requiring authorization for binding; acts requiring authorization by all partners. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Scope of partner's authority.**

If transfer by corporate officer was not related to the ordinary business of the partnership, corporate officer's act of transferring an insurance policy and changing the beneficiary was ultra vires and thereby ineffective to deprive the partnership of its interest in the policy. Federal Kemper Life Assurance Co. v. Wolensky's Ltd. Partnership, 163 Bankr. 615 (Bankr. D.D.C. 1993).

### § 41-109. Conveyance of real property of the partnership. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

Cited in Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990).

### § 41-110. Admissions or representations deemed binding on partnership. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

### § 41-111. Partnership charged with knowledge of or notice to partner. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Constructive knowledge of lawsuit.** — This section provides that, under certain circumstances, notice to any partner operates as notice to the partnership; it does not provide that a partner may be sued as an individual when the partnership has constructive knowledge of a lawsuit. EEOC v. Metzger, 824 F. Supp. 1 (D.D.C. 1993).

### § 41-112. Liability — Wrongful act of partner. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**No personal liability shown.** — Where the letter of agreement was signed by an individual identifying himself as the corporate president and "for" a limited partnership, and where the individual did not misrepresent his agency, the liability for the breach ran to the limited partnership, and to the corporation as its general partner, but not to the president individually. Shalom Baranes Assoc. v. 900 F St. Corp., 940 F. Supp. 1 (D.D.C. 1996).

### § 41-113. Same — Partner's breach of trust. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

### § 41-114. Same — Extent for partnership. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Partners' insulation from liability.** — When a creditor pursues a partnership debt where the partners, by contract with the creditor, have insulated themselves from personal liability, the creditor will not necessarily be precluded from reaching partnership property in the partners' hands. Such preclusion will occur only if the contract, when properly interpreted, prevents a claim against both "personal" and "partnership" property. Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990).

**No personal liability shown.** — Where the letter of agreement was signed by an individual identifying himself as the corporate president and "for" a limited partnership, and where the individual did not misrepresent his agency, the liability for the breach ran to the limited partnership, and to the corporation as its general partner, but not to the president individually. Shalom Baranes Assoc. v. 900 F St. Corp., 940 F. Supp. 1 (D.D.C. 1996).

**Prior suit precludes immunity.** — The fixing of damages against the partnership, in a proceeding in which all partners are parties and all partners have been found liable, necessarily fixes the liability of the individual partners (except for any individual defense such as discharge in the partner's own bankruptcy case or later payment). Tatge v. Chandler (In re Judiciary Tower Assocs.), 175 Bankr. 796 (Bankr. D.D.C. 1994).

Where none of defendant partners raised any individual defense—such as a discharge in the partner's own bankruptcy case—to avoid personal liability for the liability of the partner-

ship itself, the amount of the partners' individual liability was conclusively established by prior judgments as to the partners who were defendants in that action. Tatge v. Chandler (In re Judiciary Tower Assocs.), 175 Bankr. 796 (Bankr. D.D.C. 1994).

**Right to reimbursement.** — Because partners are jointly and severally liable for partnership debts and obligations, former partners were entitled to reimbursement for reasonable overhead expenses attributable to the production of post-dissolution partnership income. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

Cited in Reiman v. International Hospitality Group, Ltd., App. D.C., 614 A.2d 925 (1992).

### § 41-115. Same — Partner by estoppel. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Claims against partnership not affecting liability.** — The fact that the former managing partners asserted claims against the partnership did not alter the governing principle that intent controls the apportionment of liabilities among partners. Ross v. 1301 Connecticut Ave. Assocs., 99 F.3d 444 (D.C. Cir. 1996).

Cited in Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990); Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990); Reiman v. International Hospitality Group, Ltd., App. D.C., 614 A.2d 925 (1992).

### § 41-116. Same — Incurred by incoming partner. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

Cited in Reiman v. International Hospitality Group, Ltd., App. D.C., 614 A.2d 925 (1992).

### § 41-117. Rules determining rights and duties of partners. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Compensation for completion of unfinished business.** — A partner winding up the business of a partnership rightfully dissolved for any reason other than the death of a partner cannot recover compensation for completing unfinished business above his distributive share. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

**Investment opportunities provided by law firm's clients to individual partners in the firm** were opportunities outside the scope of partnership, in which other partners had no right to share, as long as the opportunities were not provided as compensation for legal services rendered by the firm. Singer v. Scher, 761 F. Supp. 145 (D.D.C. 1991).

**Profits held to partnership assets.** — Profits derived from the completion of legal cases or uncompleted transactions after dissolution of a law partnership are assets of the partnership, subject to distribution after dissolution. Young v. Delaney, App. D.C., 647 A.2d 784 (1994).

Cited in In re Heron, Burchette, Ruckert & Rothwell, 148 Bankr. 660 (Bankr. D.D.C. 1992).

### § 41-118. Partnership books; right to inspect. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

## § 41-119. Duty of partners to render information. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

## § 41-120. Partner accountable as a fiduciary. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Partner not absolved of fiduciary duties by filing of bankruptcy petition. — There is no indication that Congress intended the changes in a corporate debtor's status worked by the filing of a bankruptcy petition to absolve a partner of the duties of good faith and fair dealing owed to fellow partners during the winding up phase. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

Under partnership agreement, partnership dissolved upon corporate partner's filing of a petition in bankruptcy. Dissolution, however, is distinct from termination, and the partnership continued to exist until its business was wound up and a final accounting conducted, and corporate partner's fiduciary duties as a partner continued throughout these latter two phases. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

Right to in-court accounting. — A partner's right to an in-court accounting is an essential incident of the partnership relation. It is the means by which a partner can enforce the duty of his copartners to hold as trustee for the partnership any benefit derived from transactions connected with the formation, conduct or liquidation of the partnership without destroying the enterprise. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

An accounting is the penultimate event in the lifetime of the partnership. It follows dissolution and the winding up of partnership affairs, and marks the point at which the partners' fiduciary duties inter se partnership terminate. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

Profits received during or after liquidation. — A winding up partner has the power to bind the partnership after dissolution by any act appropriate for completing transactions unfinished at dissolution, and any profits derived from completion of such unfinished business inure to the partnership's benefit, even if received after dissolution. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

A partner's refusal to wind up and to account for profits received during the liquidation phase should be treated as a fiduciary breach. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

## § 41-121. Right to an account. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Dissolution of partnership. — A former partner has a right to an accounting upon dissolution of a partnership, including court intervention if the accounting is refused. Young v. Delaney, App. D.C., 647 A.2d 784 (1994).

Right to in-court accounting. — A partner's right to an in-court accounting is an essential incident of the partnership relation. It is the means by which a partner can enforce the duty of his copartners to hold as trustee for the partnership any benefit derived from transactions connected with the formation, conduct or liquidation of the partnership without destroying the enterprise. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

Right to account cannot form basis for claim of fiduciary breach. — Because the right to an account is a central incident of partnership status, its assertion cannot in itself, under ordinary circumstances, form the basis of a claim of fiduciary breach. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

Formal accounting not exclusive remedy. — Nothing in the Partnership Act or its history demonstrates that the drafters intended a formal accounting under this section to be the exclusive remedy for a breach of the duties imposed by § 41-120. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

### § 41-122. Continuation of partnership beyond fixed term; rights and duties of partners. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-123. Property rights of partner — Extent. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-124. Same — Specific partnership property; assignability; attachment or execution. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Partnership property and personal property. — Insurance policy, initially purchased at the expense and for the benefit of corporation, was partnership property. Federal Kemper Life Assurance Co. v. Wolensky's Ltd. Partnership, 163 Bankr. 615 (Bankr. D.D.C. 1993).

Corporate insurance policy as a whole is an asset of limited partnership, which includes the right to exercise any of the provisions in the policy, including one allowing a change of beneficiary. Federal Kemper Life Assurance Co. v. Wolensky's Ltd. Partnership, 163 Bankr. 615 (Bankr. D.D.C. 1993).

Scope of partner's authority. — A transfer of partnership property by one partner for his own personal benefit is void as affecting the rights of the other partners in the property. Federal Kemper Life Assurance Co. v. Wolensky's Ltd. Partnership, 163 Bankr. 615 (Bankr. D.D.C. 1993).

Cited in Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990).

### § 41-125. Partner's interest in partnership — Profits and surplus. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-126. Same — Effect of assignment on partnership; rights of assignee. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-127. Same — Charging order; appointment of receiver; redemption of interest charged. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-128. "Dissolution" defined. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Cited** in Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

### § 41-129. Dissolution — No termination of partnership. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.
**Partner not absolved of fiduciary duties by filing of bankruptcy petition.** — There is no indication that Congress intended the changes in a corporate debtor's status worked by the filing of a bankruptcy petition to absolve a partner of the duties of good faith and fair dealing owed to fellow partners during the winding up phase. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).
Under partnership agreement, partnership dissolved upon corporate partner's filing of a petition in bankruptcy. Dissolution, however, is distinct from termination, and the partnership continued to exist until its business was wound up and a final accounting conducted, and corporate partner's fiduciary duties as a partner continued throughout these latter two phases. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

**Accounting.** — An accounting is the penultimate event in the lifetime of the partnership. It follows dissolution and the winding up of partnership affairs, and marks the point at which the partners' fiduciary duties inter se and the legal existence of the partnership terminate. Washington Medical Ctr., Inc. v. Holle, App. D.C., 573 A.2d 1269 (1990).

**Cited** in Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990); Berk v. Sherman, App. D.C., 682 A.2d 209 (1996).

### § 41-130. Same — Causes. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Cited** in Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

### § 41-131. Same — Decree of court. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

### § 41-132. Same — Effect on authority of partner. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Cited** in Young v. Delaney, App. D.C., 647 A.2d 784 (1994).

### § 41-133. Same — Right of partner to contribution from copartners. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

### § 41-134. Same — Power of partner to bind partnership; liability of partner. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Profits from completion of unfinished business. — A winding up partner has the power to bind the partnership after dissolution by any act appropriate for completing transactions unfinished at dissolution, and any profits derived from completion of such unfinished business inure to the partnership's benefit, even if received after dissolution. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

Cited in Young v. Delaney, App. D.C., 647 A.2d 784 (1994).

### § 41-135. Same — Effect on partner's existing liability; discharge of liability. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Compliance with section required for discharge. — Absent compliance with this section, withdrawal from a partnership does not release a former partner from liability for the existing debts of the partnership. However, once a partner withdraws, he or she is not personally liable for the debts incurred by the partnership thereafter. Tatge v. Chandler (In re Judiciary Tower Assocs.), 175 Bankr. 796 (Bankr. D.D.C. 1994).

Liability prior to withdrawal. — Where a partner withdraws from a partnership under an agreement with his former partners, and the remaining partners continue the business, the departing partner remains liable for partnership obligations incurred prior to his withdrawal unless the creditor modifies the obligation or agrees to release the partner. Tatge v. Chandler (In re Judiciary Tower Assocs.), 175 Bankr. 796 (Bankr. D.D.C. 1994).

Cited in Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990); In re Heron, Burchette, Ruckert & Rothwell, 148 Bankr. 660 (Bankr. D.D.C. 1992).

### § 41-136. Same — Right to wind up. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Cited in Young v. Delaney, App. D.C., 647 A.2d 784 (1994).

### § 41-137. Same — Rights of partners to application of partnership property. [Repealed effective January 1, 1998.]

Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.

Right to liquidation and distribution. — When a partnership is dissolved without violating the partnership agreement, each partner has an absolute right to demand liquidation and distribution of surplus, unless otherwise agreed. That one or more partners want to

continue the business does not affect this right. Absent wrongful dissolution, or expulsion of a partner under a provision in the partnership agreement, if one partner elects to liquidate upon dissolution, the others cannot continue the partnership business. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

**Entitlement to payments received after dissolution.** — Absent a contrary agreement, the general rule is that all of the partners of the dissolved firm are entitled to share in fees for pre-dissolution work in process paid after dissolution to the dissolved partnership or to withdrawing partners. Such fees, however, may lose their status as assets subject to distribution by an agreement of the partners to divide them upon dissolution when one or more partners wants to continue the business. Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

**Profits received following dissolution.** — Profits derived from the completion of legal cases or uncompleted transactions after dissolution of a law partnership are assets of the partnership, subject to distribution after dissolution. Young v. Delaney, App. D.C., 647 A.2d 784 (1994).

### § 41-138. Same — Fraud or misrepresentation; rights of partner. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Cited** in In re Heron, Burchette, Ruckert & Rothwell, 148 Bankr. 660 (Bankr. D.D.C. 1992).

### § 41-139. Same — Order of distribution of assets; liabilities; contribution of partners to satisfy liabilities; rights of assignees; partner's right to enforce contributions; distribution of claims against separate property. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Partnership may be held responsible for partner wrongs.** — Under the law of this jurisdiction, a partnership entity lacks capacity to be sued, but a partnership may be held accountable for partner wrongs, provided the action is "brought in the names of the partners, with service of process upon them individually." Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990).

The rule precluding suit against a partnership entity does not prevent suit against the partnership through an action against the individual partners. Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990).

**Creditor access to partnership property.** — If a creditor permits a partner to contract out of personal liability—so that there is no obligation to make a "contribution" to satisfy the creditor—this does not necessarily eliminate creditor access to partnership property. Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990).

**Cited** in Lenkin ex rel. 14th & Eye Sts. Assocs. v. Beckman, App. D.C., 575 A.2d 273 (1990); In re Heron, Burchette, Ruckert & Rothwell, 148 Bankr. 660 (Bankr. D.D.C. 1992).

### § 41-140. Continuing partnership business — Liability of partners in certain cases; rights of creditors. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Cited** in Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990); Reiman v. International Hospitality Group, Ltd., App. D.C., 614 A.2d 925 (1992).

### § 41-141. Same — Rights of retiring or estate of deceased partner. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Cited** in Beckman v. Farmer, App. D.C., 579 A.2d 618 (1990).

### § 41-142. Accrual of right to account. [Repealed effective January 1, 1998.]

**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Cited** in Young v. Delaney, App. D.C., 647 A.2d 784 (1994).

### § 41-143. Registered limited liability partnerships. [Repealed effective January 1, 1998.]

(a) To become a registered limited liability partnership, a partnership must file an application with the Department of Consumer and Regulatory Affairs ("Department") that sets forth the following:

(1) The name of the registered limited liability partnership;

(2) The address of the principal office and the name and address of the registered agent for service of process on limited liability partnerships and general partnerships;

(3) The written permission of the registered agent to serve as registered agent;

(4) The number of partners;

(5) A brief statement of the business in which the limited liability partnership engages;

(6) A statement that the limited liability partnership will maintain insurance coverage required pursuant to § 41-145 at all times during which it conducts business in the District; and

(7) Any other information the Department considers appropriate.

(b) The application must be executed by a majority in interest of the partners or by 1 or more partners authorized by a majority in interest of the partners.

(c) The Department shall register or renew any partnership that submits a satisfactorily completed application.

(d) Registration is effective for 1 year after the date the registration is filed, unless voluntarily withdrawn by filing with the Department a written withdrawal notice executed by a majority in interest of the partners or by 1 or more partners authorized by a majority in interest of the partners, and shall be renewed annually on the anniversary date of the original registration.

(e) The Department shall provide forms for application or for renewal of registration.

(f)(1) The Department shall assess charges and publish a schedule of fees for registration, renewal, and amendments.

(2) The proposed fee schedule shall be submitted to the Council for a 45-day period of review, excluding Saturdays, Sundays, legal holidays, and

days of Council recess. If the Council does not approve or disapprove the proposed rules, in whole or in part, by resolution within this 45-day review period, the proposed fee schedule shall be deemed approved. Nothing in this section shall affect any requirements imposed upon the Mayor by subchapter I of Chapter 15 of Title 1.

(g) Unless otherwise specifically provided by other provisions of this chapter, the registered limited liability partnership shall be subject to all the provisions of this chapter. (Sept. 27, 1962, 76 Stat. 648, Pub. L. 87-709, § 44, as added by Oct. 15, 1993, D.C. Law 10-34, § 2(b), 40 DCR 5764.)

Section references. — This section is referred to in §§ 41-101, 41-147.
Effect of amendments. — D.C. Law 10-34 added this section.
Legislative history of Law 10-34. — See note to § 41-105.1.
Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.
Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993". — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).

### § 41-144. Name of registered limited liability partnerships. [Repealed effective January 1, 1998.]

The name of a registered limited liability partnership shall contain the words "Registered Limited Liability Partnership" or the abbreviation "L.L.P." as the last words or letters of its name. (Sept. 27, 1962, 76 Stat. 648, Pub. L. 87-709, § 45, as added by Oct. 15, 1993, D.C. Law 10-34, § 2(b), 40 DCR 5764.)

Section references. — This section is referred to in § 41-101.
Effect of amendments. — D.C. Law 10-34 added this section.
Legislative history of Law 10-34. — See note to § 41-105.1.
Legislative history of Law 11-234. — See note to § 41-151.1.

Chapter repealed effective January 1, 1998. — See note to § 41-101.
Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993". — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).

### § 41-145. Insurance requirement for registered limited liability partnerships. [Repealed effective January 1, 1998.]

(a) A registered limited liability partnership shall carry liability insurance in the amount of coverage of either (i) at least $100,000 of liability insurance of a type that is designed to cover the kind of errors, omissions, negligence, incompetence, or malfeasance for which liability is limited by § 41-146, or (ii) coverage in a minimum amount of not less than the amount carried by the individual partner carrying the greatest amount of individual liability insurance, whichever is greater.

(b) If the registered limited liability partnership is in compliance with the requirements of subsection (a) of this section, the requirements of this section shall not be admissible or in any way made known to the jury in determining the issue of liability or extent of the debt or obligation or damages in question. (Sept. 27, 1962, 76 Stat. 648, Pub. L. 87-709 § 46, as added by Oct. 15, 1993, D.C. Law 10-34, § 2(b), 40 DCR 5764.)

**Section references.** — This section is referred to in §§ 41-101, 41-143.

**Effect of amendments.** — D.C. Law 10-34 added this section.

**Legislative history of Law 10-34.** — See note to § 41-105.1.

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993".** — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).

### § 41-146. Nature of partners' liability in registered limited liability partnership. [Repealed effective January 1, 1998.]

(a) A partner in a registered limited liability partnership is not individually liable for debts and obligations of the partnership arising from errors, omissions, negligence, incompetence, or malfeasance committed in the course of the partnership business by a second partner or a representative of the partnership not working under the supervision or direction of the first partner at the time the errors, omissions, negligence, incompetence, or malfeasance occurred, unless the first partner:

(1) Was directly involved in the specific activity in which the errors, omissions, negligence, incompetence, or malfeasance were committed by the other partner or representative; or

(2) Had written notice or knowledge of the errors, omissions, negligence, incompetence, or malfeasance that were committed by the other partner or representative at the time of occurrence.

(b) Subsection (a) of this section does not affect the joint liability of the partner for debts and obligations of the partnership arising from any cause other than those specified in subsection (a) of this section.

(c) Subsection (a) of this section does not affect the liability of partnership assets for partnership debts and obligations. (Sept. 27, 1962, 76 Stat. 648, Pub. L. 87-709, § 47, as added by Oct. 15, 1993, D.C. Law 10-34, § 2(b), 40 DCR 5764.)

**Section references.** — This section is referred to in § 41-145.

**Effect of amendments.** — D.C. Law 10-34 added this section.

**Legislative history of Law 10-34.** — See note to § 41-105.1.

**Legislative history of Law 11-234.** — See note to § 41-151.1.

**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993".** — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).

### § 41-147. Foreign registered limited liability partnerships. [Repealed effective January 1, 1998.]

Foreign limited liability partnerships may conduct business in the District of Columbia upon filing a legally sufficient application pursuant to § 41-143 and other applicable laws and regulations of the District. The laws of the state or other jurisdiction under which a foreign registered limited liability partnership is organized shall govern its organization and internal affairs and the liability of its partners. A foreign registered limited liability partnership may not be prohibited from doing or transacting business in the District of Columbia by reason of any difference between the laws of the state or other

jurisdiction under which it is organized and the laws of the District of Columbia. (Sept. 27, 1962, 76 Stat. 648, Pub. L. 87-709, § 48, as added by Oct. 15, 1993, D.C. Law 10-34, § 2(b), 40 DCR 5764.)

**Effect of amendments.** — D.C. Law 10-34 added this section.
**Legislative history of Law 10-34.** — See note to § 41-105.1.
**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993".** — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).

### § 41-148. Applicability of chapter to foreign and interstate commerce. [Repealed effective January 1, 1998.]

(a) A partnership or registered limited liability partnership organized and existing under this chapter may conduct its business, carry on its operations, and exercise the powers granted by this chapter in any state, territory, district, or possession of the United States or in any foreign country.

(b) It is the intent of the Council that the legal existence of registered limited liability partnerships organized in the District of Columbia be recognized outside the boundaries of the District of Columbia and that, subject to any reasonable requirement of registration, a District of Columbia registered limited liability partnership transacting business outside the District of Columbia be granted full faith and credit.

(c) The liability of partners in a registered limited liability partnership organized and existing under this chapter for the debts and obligations of the registered limited liability partnership, or for the acts or omission of other partners, employees, or representatives of the registered limited liability partnership, shall at all times be determined solely and exclusively by the provisions of this chapter and any regulations promulgated hereunder. (Sept. 27, 1962, 76 Stat. 648, Pub. L. 87-709, § 49, as added by Oct. 15, 1993, D.C. Law 10-34, § 2(b), 40 DCR 5764.)

**Effect of amendments.** — D.C. Law 10-34 added this section.
**Legislative history of Law 10-34.** — See note to § 41-105.1.
**Legislative history of Law 11-234.** — See note to § 41-151.1.
**Chapter repealed effective January 1, 1998.** — See note to § 41-101.

**Delegation of Authority Pursuant to D.C. Law 10-34, the "Registered Limited Liability Partnership Amendment Act of 1993".** — See Mayor's Order 94-103, April 28, 1994 (41 DCR 2534).

---

## CHAPTER 1A. UNIFORM PARTNERSHIP ACT OF 1996.

*Subchapter I. General Provisions.*

Sec.
41-151.1. Definitions.
41-151.2. Knowledge and notice.
41-151.3. Effect of partnership agreement; nonwaivable provisions.

Sec.
41-151.4. Supplemental principles of law.
41-151.5. Execution, filing, and recording of statements.
41-151.6. Governing law.
41-151.7. Partnership subject to amendment or repeal of chapter.