**JOSE FELIPE ANDERSON, B.A., J.D.**

Professor of Law
1420 North Charles Street
Baltimore, Maryland 21201



January 8, 2003

Andrew C. Meehan, Esquire
Wright & Meehan
100 Church Alley
at Lawyers Row
Chestertown, Maryland 21620

Re: Report and Opinion regarding Jeffery Dow v. James Benny Jones et. al. Civil no. CCB-2303 United States District Court for the District of Maryland.

Mr. Meehan,

Pursuant to our discussion the letter which follows is my written report and opinion of the actions and conduct of counsel in the above captioned matter. After review of the pertinent documents transcripts, pleadings motions, and judicial opinions in this matter, I have concluded that trial counsel and his law firm were ineffective in their representation of Mr. Dow in his trial in the Circuit Court for Wicomico County in July of 1997 where he was convicted in a jury trial of committing various sexual offenses upon a minor child. The principal facts presented by the materials I reviewed involve an alleged episode of and adult male Mr. Dow having sex with a minor female based primarily on her own testimony. As you know, a result of his convictions he was sentenced to fifteen years in the division of corrections with all but seven years suspended, and ordered to serve 36 month probation upon his release. His convictions and guilty verdict were later vacated and the State abandoned the prosecution of the case.

MATERIAL REVIEWED IN REACHING OPINION

In reaching my conclusions I reviewed the following material:

1. The transcript of the two day jury trial July 30-31, 1997.

2. The hearing on Mr. Dow's motion for new trial and sentencing proceedings of October 27, 1997.

3. The hearing on Mr. Dow's petition for post conviction relief held on August 23, 1999.

4. The March 6, 2000 order of Wicomico County Circuit Judge Richard D. Warren granting Mr. Dow post conviction relief, vacating the judgment and verdict.

5. The State of Maryland's application for leave to appeal filed April 5, 2000 by the State's Attorney for Wicomico County.

6. The Response to the State's application for leave to appeal filed by your law firm on April 22, 2000.

7. The Court of Special Appeals opinion/ order denying the State's application for leave to appeal.

8. The docket entries from the criminal case.

9. The plaintiff's first amendment complaint.

10. The opinion in Dow v. Jones Dated September 26, 2002 (District Judge Blake).

11. Relevant Maryland legal precedent on malpractice.

12. Current research on legal malpractice research, particular in the area of malpractice in the defense of criminal cases.

LEGAL STANDARDS APPLIED IN REACHING OPINION

The Maryland Court of Appeals has long recognized a cause for legal malpractice may be maintained under its law. In such a claim the plaintiff must allege: 1) "the attorney's employment 2) his neglect of a reasonable duty 3) loss to the client proximately caused by the neglect of the duty." Noble v. Bruce, 349 Md. 730, 709 A.2d 1264, 1269 (1998). The Court of Special Appeals of Maryland also recently held that plaintiff's claiming "criminal malpractice" or legal malpractice arising from a criminal prosecution must additionally prove : 4) "the criminal plaintiff's initiation of post conviction, appellate, or habeas relief premised on the lawyer's error

5) and, ultimately, the criminal plaintiff's successful pursuit of post conviction appellate, or habeas relief based on attorney error." Berringer v. Steele, 133 Md.App. 442, 758 A.2d 574, 591, 604 (2000). My opinion focuses on whether trial counsel's performance in representing Mr. Dow was a "neglect of a reasonable duty."

## ASSESSMENT OF TRIAL COUNSEL'S PERFORMANCE

### FAILURE TO PREPARE AND INVESTIGATE

My review of the transcript of the trial and counsel's answers at the post conviction hearing indicates that trial counsel neglected his reasonable duty to prepare and investigate the case and offer available defenses that could have resulted in a favorable jury verdict.

Review of the trial and the post conviction judge's assessment of defense counsel's omissions and decision making process, or lack thereof is persuasive on the issue of reasonable performing a reasonable duty. At trial the facts indicated he sexual offenses charged were largely a matter of the alleged victim's credibility. The transcript reveal that corroboration from physical evidence was nonexistent and corroboration of the victim's testimony was utterly lacking in strong substance. The trial judge accurately described this case as an example of the "she says he says variety". The post conviction judge also described the independent corroboration of the victim's testimony provided in the state's case as providing "very little, if any, independent corroboration of that testimony".(Opinion of Judge Warren p. 2).

In a case that is so dependant on the testimony of one witness, particular a child witness who may generate sympathy from the jury the need to structurally attack the validity of that testimony without directly questioning the victim about those impeaching facts is key to a successful defense. Trial counsel failure to provide the testimony of known alibi witnesses to bolster the defendant's attack on the state's case was an opportunity that was missed to present favorable evidence with little or no risk of harming the defendant's case or any other trial strategy suggested by the defense counsel.

These failing's in the defense presentation may well have begun with his strategy to fail to begin his own investigation while waiting on the public defender to complete its investigation in the case. This is an unreasonable practice for a private lawyer who has been retained in a case. Failure to interview alibi witnesses in a case were there testimony would be critical because of the weakness of the state's corroborating evidence.

### FAILURE TO EFFECTIVELY AND COMPETENTLY CONDUCT TRIAL

From the outset of trial the defendants demonstrated a failure to provide reasonably competent counsel to the defendant. Counsel did not explore during the questioning of the juror is their prejudice from pre-trial publicity. The record demonstrates that trial counsel had considerable difficulty evaluating jurors who might be unfit to serve because of their exposure to pre-trial publicity.

During the questioning of witnesses the defense counsel allowed several instances of

irrelevant testimony from the victim's family and investigating police. Much of this evidence was inflammatory, prejudicial and hearsay which could well have effected the jury view of the defendant. The general failure of the defendant to even attempt to control the flow of prejudicial evidence heard by the jury reflects a lack of skill and judgment that denied the defendant reasonably competent representation. The most damaging hearsay admitted was the dairy of the alleged victim which clearly was hearsay barred by Maryland Rule of Evidence 5-403 to allowing its admission permitted corroboration of a weak prosecution case to the detriment of his client without any reasonable explanation or strategic advantage.

The admission of the diary opened the door to other improper, inflammatory and damaging testimony of friends, relatives and other non-eyewitness testimony that was damaging to the accused. Including the testimony of Elaine Gordy (monica's mother) Nalia Gordy (Monica's grandmother mother) David Massey (Gordy family friend and Ocean City Police Chief), Erin McKenzie and Alison Decker. Much of this evidence should have been vigorously challenged but was left largely, and unreasonably, uncontested.

Most damaging was the defense counsel's failure to offer to the jury alibi evidence. That evidence would have provided information that the defendant was elsewhere during the time of the crime. First the defendant's counsel promised to present alibi testimony but failed to do so. Several witness were both ready to testify and present in the courthouse at the time of the trial. Since the primary evidence the state presented was the testimony of the victim, any evidence that reduced the value of her testimony was critical to the defense.

Essential to the defense was the description of the vehicle driven by the defendant on the night in question. Plaintiff desired that his counsel would present testimony that would shed light on two issues. First, on the night in question Dow drove his older green van rather than the white van that the victim testified that he drove that night. Second, on the night in question, Dow returned home in the green van at approximately 2:00 a.m. on September 8, 1996

Three witnesses subpoenaed to testify at trial but who were not called could have shed light on Dow's whereabouts that evening. Justin Anchetta, Dr. Terri Wattay, and Leslie Dow. The defendants did not interview or call Justin Anchetta or Dr. Terry Wattay who could have provided alibi testimony. Furthermore, defense counsel released Mrs. Dow the day of the trial despite the fact that she would have testified that on the day of the alleged incident that the plaintiff drove the green van.

The post conviction judge noted the failure to introduce that testimony or explain the omission "underscores the fact that counsel simply failed to appreciate the value of the discrepancy between the testimony of the victim and the petitioner's wife and neighbor concerning the description of the vehicle being operated by Petitioner that night."(Opinion of Judge Warren p. 6).

I concur with the post conviction Judge's assessment of the magnitude of defense counsel's failure. The post conviction Judge further explained "counsel viewed the proffered testimony with blinders on, seeing only its non-value as an alibi defense , and failing to see its considerable value to the very defense they intended to pursue. In the court's opinion, the only explanation is the unspoken explanation of gross oversight and deficiency in counsel's representation."(Judge Warren's opinion p. 8). The admissions in this regard certainly constituted a "neglect of a reasonable duty".

FAILURE TO MOVE FOR CHANGE OF VENUE

The defense attorney's did not move for a change of venue in a case were the youthful age of the victim and the fame of the defendant in the area made trying the case in the local jurisdiction high risk for a conviction. Most competent defense counsel would have believed it was reasonable to attempt to move the trial into a county were the defendant would have been less well known. The record reflects that the defendant was a radio personality and had recently run in an election for Mayor of the nearby city of Berlin, Maryland. Failure to even attempt to move the trial was reasonable breach of duty. The record discloses no consultation with local counsel on the issue of change of venue or the receptiveness of local juror's to the potential defenses to be asserted. To fail to consider the option of change of venue reflects a general lack of preparation and thoughtfulness required of an attorney trying a case in a matter of this gravity.

CONCLUSIONS

After a careful review of the documents in this case it is clear that in preparation strategy and skill trial counsel's conduct constituted "a neglect of reasonable duty" to Mr. Dow. His pre-trial preparation was inadequate for the seriousness of the case. Failure to consider and assess the advantages of a change of venue considering the circumstances of the case and the defense approaches selected was also below reasonable professional standards. Failure to protect the fairness of the trial by permitting improper hearsay and irrelevant evidence to be introduced damaged the defendant's case. Failing to present available alibi testimony and other evidence that contradicted the state's case also constituted "neglect of a reasonable duty".

It is noteworthy that the grant of total post conviction relief in Maryland is exceedingly rare. Indeed, the fact that the Court of Special Appeals declined to review the case at the State's request strongly suggests that the post-conviction judge's assessment of trial counsel's deficiencies were substantial.

Should you have any further questions about my report or the case please feel free to contact me.

Jose' Felipe' Anderson   B.A.; J.D.