IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Northern Division

| | |
|---|---|
| JEFFREY DOW, | * |
| Plaintiff, | * |
| v. | * Civil Case No. CCB-01-2303 |
| JAMES BENNY JONES, <u>et al.</u>, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT SEALS JONES WILSON GARROW & EVANS L.L.P.'s *REPLY* TO PLAINTIFF'S OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

<u>INTRODUCTION</u>

NOW COMES Defendant Seals Jones Wilson Garrow & Evans L.L.P., by George L. Garrow, Jr., Esq., of Garrow & Evans, LLP, and provides the defendant former law firm's reply to plaintiff's opposition to defendant's motion for summary judgment.

<u>AMENDED STATEMENT OF THE FACTS</u>

The plaintiff's statement of facts merely recites his complaint. Because defendant already has filed an answer denying these facts, no point-by-point response is necessary from the defendant at this time. Defendant, however, does wish to provide additional

facts on pertinent issues that may not have been clear from defendant's initial filing, and may not have been discussed in plaintiff's statement of facts.

On March 26, 1997, defendants Jones and Harvey jointly entered their appearance in the plaintiff's criminal case. They so entered their appearances in their individual capacities, not as members of the former law firm. Further, plaintiff Dow paid defendant Jones in the defendant's individual capacity. Exhibit 5.[1]

On May 1, 1997, the defendant completed its dissolution process, including but not limited to the termination of its lease. Exhibit 6. On June 27, 1997, the former law firm's dissolution certificate was filed with the District of Columbia. See Plaintiff's Exhibit G.

ARGUMENT IN REPLY

### A. "The Law Of The Case … Does Not And Cannot Limit The Power Of A Court To Reconsider An Earlier Ruling"

Plaintiff cites the "law of the case doctrine" to persuade this Court not to consider defendant former law firm's motion for summary judgment. Interestingly, plaintiff cited no case to support his position that the Court had no authority to consider defendant's motion. No case was cited because his position is weak, and the case law in this federal circuit, and in others, provides a trial judge with discretion to do that which must be

---

[1] Plaintiff agreed prior to the close of discovery by confirming letter (from the defendant) dated July 10, 2003, to provide the cancelled check verifying to whom the retainer in his criminal case was paid. To date, plaintiff has not provided the document, but states that he still is waiting for the bank to provide the actual check, or a copy. Most importantly, plaintiff has not denied that he paid the $1000 retainer to defendant Jones in defendant Jones' personal capacity. In other words, the plaintiff has not disputed that the check was made out to defendant Jones and not to the former law firm.

Defendant's initial filing included Exhibits A through D in the body of the document. These exhibits were labeled 1 through 4 in the ECF filing process. Defendant therefore will resume its exhibit numbering with Exhibit 5.

done, despite the doctrine. American Canoe Assn. V. Murphy Farms, 326 F.3d 505, 515 (4th Cir. April 16, 2003). ("Law of the case ... does not and cannot limit the power of a court to reconsider an earlier ruling. The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law."). Also, see 18B *Wright, Miller & Cooper, Federal Practice and Procedure* § 4478.5 ("The force of law of the case doctrine is affected by the nature of the first ruling and by the nature of the issues involved. If the ruling is avowedly tentative or the issues especially important, it may be said that law-of-the-case principles do not apply."); Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc., 123 F.3d 111, 118 (3d Cir. 1997) (concluding that law of the case did not prevent reconsideration of standing decision because "the concerns implicated by the issue of standing . . . trump the prudential goals of preserving judicial economy and finality"); CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 397 n. 1 (4th Cir. 1995) (concluding that law of the case doctrine did not prevent an appellate court from revisiting a prior ruling of a motions panel on the court's jurisdiction because (1) law of the case is discretionary, not mandatory, (2) motions panels are often not presented with full briefing and argument, and (3) a court must dismiss an appeal when it lacks jurisdiction).

The Court must take judicial notice of the importance of summary judgment as a vehicle to narrow issues and otherwise to aid in judicial disposition of issues when the facts or law determine that the Court wisely should do so. In this case, the defendant previously has not received its opportunity to present this Court with its argument as to why this case must be dismissed against the former law firm. This summary judgment motion, as permitted by the Court's scheduling order, is the defendant's chance to make that argument. The Court should not permit the law of the

case doctrine to preclude it from reviewing and considering this motion. Further, important arguments made here have never been made in any earlier forum. Accordingly, the defendant asks this Court to exercise its discretion to consider this motion for summary judgment in its entirety.

### B. The Former Law Firm Had Insurance Coverage Greater Than The RLLPA's Requirements During The Time Of The Existence Of The Partnership

It is important to note that pursuant to the obligations of the RLLPA, specifically in response to section 41-146, defendant maintained insurance coverage for the partnership during the existence of the partnership. Such coverage ended approximately when the former law firm filed its dissolution certificate with the District of Columbia's regulatory body. The former law firm, however, did not maintain coverage for defendant Jones for matters handled outside of the LLP, such as the plaintiff's criminal matter. When defendant Jones entered his appearance in plaintiff's criminal case on March 26, 1997, both he and defendant Harvey entered their appearances in their individual capacities, with the obvious permission of their client Mr. Dow (there has been no allegation that such permission was not provided by the plaintiff), and without any involvement of the former law firm. See Exhibit 5.

Therefore, contrary to plaintiff's contention that defendant former law firm did not comply with the pertinent sections of the RLLPA with respect to insurance, defendant former law firm met the requirements of the Act, and was in compliance regarding matters that fell within the ambit of the partnership. Plaintiff's criminal matter was not included because only defendants Jones (through his praecipe in entering this case, and in the plaintiff's payment directly to defendant Jones) and Harvey represented plaintiff Dow.

### C.  Plaintiff Did Not Sue The Individual Partners Because The RLLPA Prohibited It; The Court Therefore Should Not Permit Him To Use This Litigation As A Forum To Circumvent The Act

Defendant stands by its contention that maintenance of this suit against the former LLP, as a practical matter, is in reality a suit against the individual lawyers who were once partners of the former firm. With no assets or insurance for the former LLP, there can be no other purpose of the action. Plaintiff did not sue the individual partners in this action because this strategy immediately was rejected by a Maryland circuit court in 2000. See Footnote 1 in Defendant's Motion and Memorandum of Law in Support of Summary Judgment. Allowing Plaintiff to proceed against a nonexistent business entity would essentially allow him to go after the individual assets of dismissed Defendants Evans and Garrow, and the other partners against whom an initial suit was unsuccessful. Such a result is not contemplated by the RLLPA.

<u>CONCLUSION</u>

For the reasons provided herein and in defendant initial filing, Defendant respectfully requests that the Court GRANT its Motion for Summary Judgment and dismiss former law firm Seals Jones Wilson Garrow & Evans, LLP from this action.

December 16, 2003

                                                       Respectfully submitted,

                                                       _____
George L. Garrow, Jr., Esq.
Ferguson Evans, Esq.
Garrow & Evans, LLP
1775 Pennsylvania Ave., NW, #400
Washington, DC 20006
Counsel for Defendant LLP
202-467-5550

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that service as required by the rules of this Court has been made by the parties on the following defendants on this 16th day of December 2003:

Andrew Meehan, Esq. (by ECF filing)
Wright & Meehan
100 Church Alley
Chestertown, MD 21620

James Benny Jones, Esquire (by first class mail on 12-17-03)
666 Eleventh Street, NW, Suite 840
Washington, DC 20001

                                                                           _____
                                                                           George L. Garrow, Jr., Esq.