**BRASSEL & BALDWIN**

A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW
112 WEST STREET
ANNAPOLIS, MARYLAND 21401

RIGNAL W. BALDWIN, JR.

Email: RWB@BRASSELBALDWIN.COM

(410) 216-7900 (ANNAPOLIS)
(410) 974-9200 (BALTIMORE)
(301) 261-2199 (DC - METRO)
(410) 974-9241 (FACSIMILE)
WWW.BRASSELBALDWIN.COM

THE B&O BUILDING
SUITE 920
2 NORTH CHARLES STREET
BALTIMORE, MARYLAND 21201

(410) 727-6200

May 22, 2003

George L. Garrow, Jr., Esquire
Garrow & Evans LLP
1775 Pennsylvania Avenue, N.W.
Washington, DC 20006

RE:   Dow v. Jones, et al. – Civil No. CCB-01-2303
      United States District Court for the District of Maryland
      (Northern Division)

Dear Mr. Garrow:

You have requested my opinion concerning the legal liability of Seals, Jones, Wilson, Garrow & Evans, LLP ("Law Firm") for the allegedly wrongful acts and omissions of Defendants, James Benny Jones and/or Edwin H. Harvey. Based upon the facts as presented to me, it is my opinion that the former Law Firm is not responsible for the allegedly wrongful acts and omissions described in the First Amended Complaint and the attached exhibits, including the March 6, 2000 Opinion and Order resulting from Plaintiffs' Petition for Post-Conviction Relief.

This opinion is based upon the information you have provided to me for purposes of review, which includes a copy of the First Amended Complaint; the Opinion and Order dated March 6, 2000 in *State of Maryland v. Dow*, Criminal Docket No. 97Cr0370, in the Circuit Court for Wicomico County; and docket entries from *State of Maryland v. Dow, supra*. Additionally, I have reviewed portions of the file in the underlying case.

Based upon the information you have provided, it does not appear that James Benny Jones' affiliation with the former Law Firm and the alleged negligent acts and omissions are within the same time frame. It is my understanding that Mr. Jones received payment for his legal services in his individual capacity, that the former Law Firm dissolved on May 1, 1997, and that

George L. Garrow, Jr., Esquire
May 22, 2003
Page 2

Mr. Jones entered his appearance in the case in his individual capacity. There was no attorney-client relationship or vicarious responsibility applicable to the dissolved Law Firm.

In addition to the relevant facts, there are applicable legal standards regarding the relationship between Mr. Dow and Messrs. Jones and Harvey, between Mr. Dow and Seals, Jones, Wilson, Garrow & Evans, LLP, and between Mr. Jones and Seals, Jones, Wilson, Garrow & Evans, LLP. These determinations involve purely legal issues. The legal standards include the determination of actual authority/apparent authority. Based upon the facts as presented to me, Mr. Jones did not have any actual authority as an agent of the former Law Firm. Based upon the time frame of Mr. Jones' allegedly wrongful acts, there also was no apparent authority that would involve the former Law Firm.

Very truly yours,

Rignal W. Baldwin, Jr.

RWB:pfl
Enclosures

C:\GARROW-EVANS\GARROW-EVANS 2